1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   CALLIE A. BJURSTROM, STATE BAR NO. 137816
2  501 W. Broadway, Suite 1100
   San Diego, CA  92101-3575
3  Telephone: (619) 234-5000
   Facsimile No.: (619) 236-1995
4  Email: callie.bjurstrom@pillsburylaw.com

5  Attorneys for Plaintiff
   HM ELECTRONICS, INC.
6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  _____
                                     )
12  HM ELECTRONICS, INC., a California )   No. '12CV2884 MMA WMC
    corporation,                      )
13                                     )   COMPLAINT FOR (1) FEDERAL
                          Plaintiff,   )   TRADEMARK INFRINGEMENT
14                                     )   15 U.S.C. § 1114; (2) FEDERAL
               vs.                     )   COMMON LAW TRADEMARK
15                                     )   INFRINGEMENT; (3) FALSE
    R.F. TECHNOLOGIES, INC., an Illinois )  DESIGNATION OF ORIGIN AND
16  corporation,                       )   UNFAIR COMPETITION 15 U.S.C.
                                       )   § 1125(a); (4) FEDERAL TRADE
17                          Defendant.  )   DRESS INFRINGEMENT 15 U.S.C.
                                       )   § 1125(a); (5) VIOLATION OF
18                                     )   CALIFORNIA BUSINESS &
                                       )   PROFESSIONS CODE § 17500 *ET.*
19                                     )   *SEQ.*; (6) TRADE LIBEL;
                                       )   (7) INTENTIONAL INTERFERENCE
20                                     )   WITH PROSPECTIVE ECONOMIC
                                       )   ADVANTAGE; AND (8) VIOLATION
21                                     )   OF CALIFORNIA BUSINESS &
                                       )   PROFESSIONS CODE § 17200 *ET.*
22                                     )   *SEQ.*
23  _____)

24

25

26

27

28

Plaintiff, HM Electronics, Inc. ("HME"), brings this action against RF

Technologies, Inc. ("RF" or "Defendant") and alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.     Plaintiff HME is a corporation organized and existing under the laws of the

State of California and has its principal place of business at 14110 Stowe Drive, Poway,

California 92064.

2.     Plaintiff is informed and believes and thereon alleges that Defendant RF is a

corporation organized and existing under the laws of the State of Illinois and has its

principal place of business at 330 Lexington Drive, Buffalo Grove, Illinois.

3.     This is a civil action for damages and injunctive relief.  This Court has

jurisdiction over the subject matter of this action under one or more of the following

statutes:  28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332(a)(2)(diversity of

citizenship between citizens of different states with an amount in controversy exceeding

$75,000); 28 U.S.C. § 1338(a)(Lanham Act); 28 U.S.C. § 1367 (supplemental jurisdiction);

and 15 U.S.C. § 1121(original jurisdiction of district courts for all actions arising under the

Lanham Act).

4.     This Court has personal jurisdiction over Defendant.  On information and

belief, Defendant advertises and transacts business throughout the United States, including

in the State of California, and specifically, in this judicial district.  Defendant has

purposefully availed itself of doing business in this district by, among other things,

advertising and selling its products and repair services in this district.  Defendant has also

engaged in continuous acts of trademark infringement, unfair competition, false advertising

and related tortious actions within the State of California, including within this district and

has caused injury to HME in this district as a result of such conduct.

5.     Venue is proper in this judicial district because Defendant is subject to

personal jurisdiction in this district, because HME resides in this district, and because the

damages suffered by HME were suffered, at least in part, within this district.

6.      HME provides industry leading wireless communication, timer and software products to the quick service restaurant industry.  HME is a market leader in Drive-Thru Headset Systems.  HME designs and manufactures digital drive-thru headsets, wireless all-in-one headsets, drive-thru belt-pacs and drive-thru timer products, among other products (hereinafter "Drive-Thru Headset Products").  HME also provides repair and maintenance services for Drive-Thru Headset Products.

7.      Plaintiff markets and sells its Drive-Thru Headset Products nationwide under the "HME" trademarks.  Plaintiff has been using the HME marks since at least 1982.  Plaintiff owns all right, title and interest in the HME marks which are the subject of United States Trademark Registration Nos. 2960213 and 1499393.  Attached hereto as Exhibit A is a copy of the Trademark Registrations for the HME marks.

8.      Plaintiff has been using the HME marks extensively and continuously in interstate commerce.  As a result of the extensive and continued use of the HME marks in connection with the advertisement and sale of Drive-Thru Headset Products and services manufactured, sold and provided by Plaintiff, consumers have come to recognize and identify the HME marks as representative of the quality products and services provided by Plaintiff.  The HME marks have become valuable assets of Plaintiff as well as a symbol of Plaintiff's goodwill and positive industry reputation.

9.      In addition to the rights to the registered HME marks, HME has also acquired, through continuous use in commerce, rights in the trade dress related to HME's Drive-Thru Headset Products, including but not limited to HME's Odyssey headsets and Wireless IQ belt-pacs.  The industry recognizes HME Odyssey headsets and Wireless IQ belt-pacs through their visual presentation and configuration, in particular, the product's distinctive design and unique red coloration scheme which have acquired secondary meaning in that consumers associate the design, color and characteristics of these headsets with HME.

10.      Plaintiff is informed and believes and thereon alleges that beginning in or around May 2011 and continuing to the present, Defendant RF began using HME's

1  trademarks in its advertising and promotional materials without HME's permission or

2  consent.  Defendant disseminated marketing materials and advertisements for the sale and

3  service of Drive-Thru Headset Products, in print and on the internet, using the HME marks

4  to suggest, mislead and confuse consumers into believing that RF was associated with,

5  authorized by or sponsored by HME.  RF blatantly suggests that it is an authorized

6  distributor and repair facility for HME Drive-Thru Headset Products when it is not.

7          11.     Specifically, Defendant RF suggests that it is authorized to sell "HME

8  Digital Drive-Thru Systems," HME "Drive Thru System Sales & Replacement Parts,"

9  HME belt-pacs, communicators, ordertakers, batteries and accessories as well as

10 "everything you need to keep your HME systems running smoothly. . . ."  Plaintiff is

11 further informed and believes and thereon alleges that Defendant's sales representatives,

12 with the knowledge and consent of RF, represent to consumers that RF is authorized to sell

13 new HME Drive-Thru Headset Products and provide quotes to consumers for what they

14 represent are "new" HME products.

15         12.     New HME Drive-Thru Headset Products are sold with a manufacturer's

16 written warranty.  That warranty extends only to the first purchaser of the HME products

17 and is not transferable.  New HME Drive-Thru Headset Products are only available from

18 HME, its subsidiaries and authorized dealers and distributors.  RF is not an HME

19 authorized dealer or distributor.  Any sale by RF of an HME Drive-Thru Headset Product is

20 a re-sale of that product and not the sale of a new HME product.

21         13.     Plaintiff is informed and believes and thereon alleges that RF represents to

22 consumers that the HME Drive-Thru Headset Products it sells are new HME products and

23 include all of the benefits of a new HME product sold by HME or an authorized HME

24 dealer or distributor, including an HME warranty.  The HME Drive-Thru Headset Products

25 sold by RF to consumers are not recognized as new products and do not include the

26 protections and benefits of HME's manufacturer's warranty.

27         14.     Plaintiff is informed and believes and thereon alleges that consumers are

28 confused, deceived and misled by RF's sales representatives, advertisements and

publications into purchasing HME Drive-Thru Headset Products from RF, believing RF is an authorized HME distributor when it is not. Plaintiff is further informed and believes and thereon alleges that when a consumer contacts RF to purchase HME Drive-Thru Headset Products, RF either sells the consumer a re-sold or used HME Drive-Thru Headset Product representing it as a new product, or engages in a "bait and switch" re-directing unsuspecting consumers to competitor products.

15.     Defendant's unauthorized use of the HME marks is causing irreparable harm to HME by confusing and misleading consumers and diverting sales away from HME and its authorized dealers and distributors.

16.     In addition to confusing, deceiving and misleading consumers as to its affiliation with HME in the sale of HME Drive-Thru Headset Products, Defendant also represents itself as an HME authorized repair center for HME Drive-Thru Headset Products, when it is not. RF claims in printed publications and in internet advertising that it is an "HME Nationwide Repair Center," an HME "Certified Nationwide Repair Center," that it has HME "Factory Certified Technicians" and "When you Need HME Parts & Repairs, Count on R.F. Technologies, Inc." In fact, RF is not an authorized HME repair center, does not have HME certified technicians, is not an authorized supplier of HME products or parts and has no association or affiliation with HME.

17.     Plaintiff is informed and believes and thereon alleges that consumers are confused, deceived and misled by RF's advertisements and publications into sending RF their HME Drive-Thru Headset Products for repair, believing RF to be an authorized HME repair facility affiliated with, sponsored by or endorsed by HME for the repair of HME Drive-Thru Headset Products. Defendant is also misleading consumers into believing that RF is servicing their HME Drive-Thru Headset Products with HME certified technicians and using HME authorized replacement parts.

18.     Defendant's unauthorized use of the HME marks is causing irreparable harm to HME by confusing, deceiving and misleading consumers and by diverting service revenues away from HME and its authorized repair centers.

19.     Plaintiff is further informed and believes and thereon alleges that once Defendant lures unsuspecting consumers into sending their HME products to RF for repair, RF engages in additional unfair and deceptive acts that are causing further injury to HME, its brand, good will and reputation in the quick service restaurant industry.  Specifically, in undertaking repairs to HME's Odyssey headsets and Wireless IQ belt-pacs, RF routinely replaces the distinctive HME external casings for these headsets and belt-pacs with casings that appear visually identical to the HME casings, but are branded with an RF logo.  In addition to removing and replacing the casings, Plaintiff is informed and believes and thereon alleges that Defendant eliminates the HME serial number, labels and other HME identifying information despite the fact that the board and electronic components that remain in the headsets and belt-pacs are HME components.  RF then prints and attaches to its RF casings, HME's Federal Communications Commission ("FCC") ID number.

20.     These alterations to HME's products by RF are without the consent and authorization of HME.  Such unauthorized alterations are also in violation of FCC regulations including, but not limited to, sections 2.932(a) and 2.1043 which prohibit one company from altering another company's FCC authorized devices absent receipt of an FCC equipment authorization, which RF does not have, as well as sections 2.924 and 2.933 which prohibit one company from marketing another company's FCC authorized products under its name without FCC approval.

21.     In undertaking the deceptive actions outlined above, RF confuses and misleads consumers as to the source, origin, sponsorship and/or approval of these Drive-Thru Headset Products, and misrepresents the nature and characteristics of these products in an effort to wrongfully pass off HME's Drive-Thru Headset Products as RF products.

22.     RF has engaged and continues to engage in additional false, misleading and deceptive actions directed at consumers of Drive-Thru Headset Products.  In an effort to increase its sales and market share, instead of competing fairly and honestly in the marketplace, Plaintiff is informed and believes and thereon alleges that in or around September 2012, RF began engaging in a smear campaign disseminating false information

targeting and impugning the quality, effectiveness, reliability and durability of HME Drive-Thru Headset Products, specifically, the HME ION IQ All In One Headset.  Plaintiff is informed and believes and thereon alleges that RF began disseminating a document entitled "HM Electronics IQ Structural Failures" designed to appear to be an internal HME quality control document, when it is not.

23.     Plaintiff is informed and believes and thereon alleges that RF, through its sales representatives including its Director of Sales, and with the support and encouragement of additional RF management team members, misrepresents to customers and potential customers that the "HM Electronics IQ Structural Failures" document is actually an HME internal report detailing durability problems with HME's new ION IQ All In One Headset.  The bogus report being disseminated by RF is not an HME report, is riddled with false representations of fact as to the HME ION IQ All In One Headset, is misleading and deceptive in that it suggests the HME ION IQ All In One Headset suffers from the alleged "failures" identified in the report and also suggests that HME customers have been plagued by these alleged "failures," when such is untrue.

24.     Plaintiff is informed and believes and thereon alleges that RF utilizes this bogus report as the foundational basis for additional false, misleading, deceptive and defamatory statements that it publishes to customers and potential customers concerning the HME ION IQ All In One Headset.  RF represents to existing and potential unsuspecting customers that the bogus product report "makes it clear that the cost to maintain this [HME] system over say a 10 year life is extremely high due to the frequency of repairs you have to pay for after the warranty is up."  RF further falsely represents that it was given HME data demonstrating that the HME ION IQ All In One Headset "has to be repaired about every 8 months at an average cost of $140 per repair."

25.     Extrapolating from this bogus report, and building upon the false and misleading statements of fact that RF itself is publishing, RF further represents to customers and potential customers that, among other things, the HME ION IQ All In One Headset will need to be repaired "12 times per headset during the 8 years after warranty, considering a

1    10 system life," and that the HME product's repair history will result in substantial

2    "penalties" and huge loss of store sales for customers when compared to competitor's

3    products.

4         26.    RF further misrepresents to customers and potential customers that HME's

5    extended warranty and/or its advance exchange maintenance plans are HME's way to pass

6    on to the consumer the alleged costs associated with the ION IQ All In One Headset's

7    durability issues.

8         27.    RF's factual representations concerning the reliability and durability of the

9    HME ION IQ All In One Headset, as well as the costs of repair and associated warranty and

10   other claims concerning HME's advance exchange maintenance plans are false, deceptive,

11   misleading and defamatory.  Plaintiff is informed and believes and thereon alleges that at

12   the time RF began making such statements, the HME ION IQ All In One Headset had just

13   recently been released into the market and therefore had no significant repair or warranty

14   history upon which to base such representations, strongly suggesting that RF's accusations

15   and representations are, and continue to be, unsubstantiated and reckless, undertaken

16   maliciously with the intent to deceive and mislead the consuming public and to harm HME

17   and its ION IQ All In One Headset product.

18        28.    RF's dissemination and publication of the false, deceptive, misleading and

19   defamatory report identified above, along with its publication of similarly false, deceptive,

20   misleading and defamatory statements concerning the HME ION IQ All In One Headset

21   allegedly based on this report, have caused and continue to cause HME considerable

22   damage including lost sales, damage to its reputation and good will, as well as damage to

23   the brand reputation and good will associated with its HME ION IQ All In One Headset and

24   its other Drive-Thru Headset Products.  Plaintiff believes that RF's actions have been, and

25   continue to be, undertaken with actual malice.

26        29.    In addition to the foregoing, Plaintiff is informed and believes and thereon

27   alleges that Defendant is engaged in further acts of deception and false advertising as to the

28   nature, characteristics and durability of the Drive-Thru Headset Products it repairs.  RF

represents in its advertising and promotional materials that the RF repaired HME Drive-Thru Headset Products are stronger and more durable than the same products as originally manufactured by HME.  Plaintiff is informed and believes and thereon alleges that Defendant has no objective, verifiable factual support for its enhanced durability claims. Plaintiff is further informed and believes and thereon alleges that the HME Drive-Thru Headset Products repaired by RF are, in fact, not more durable or reliable and are oftentimes less durable and reliable than original manufacturer equipment and/or repairs.

30.    Further, in an effort to underscore the alleged superior nature of its repair services, RF makes the factual claim in its advertising and promotional materials that an RF-repaired HME headset, unlike an original factory condition HME headset, is so durable that it can withstand being run over by a vehicle.  Defendant publishes side by side photographs of an alleged original factory condition HME product and an HME product allegedly repaired by RF.  Both products are factually represented by RF as having been run over by a vehicle.  The RF-repaired product appears intact and in near perfect condition. The factory condition HME product appears crushed beyond repair.

31.    Plaintiff is informed and believes and thereon alleges that RF-repaired headset products cannot withstand being run over by a vehicle and RF's representations to the contrary are factually unsupportable, false, deceptive, misleading and unfair.  Through its advertisements and promotional materials, RF is misrepresenting the nature, quality and characteristics of both the HME headset products and the RF-repaired headset products thereby causing confusion and deception in the marketplace and damaging the goodwill and positive brand reputation of HME and its Drive-Thru Headset Products.

32.    Plaintiff has expended considerable time and resources developing and promoting HME Drive-Thru Headset Products as high quality products that are durable and can be relied upon by the quick service restaurant industry.  As a result of RF's false and misleading advertisements and promotional materials, HME is, and will in the future be, forced to spend substantial attorneys' fees, as well as additional costs and expenses for corrective advertising campaigns to undo the false representations, as well as the deceptive

1  and misleading information disseminated by RF concerning the HME Drive-Thru Headset

2  Products.

3      33.    RF's conduct including, but not limited to, its acts of trademark and trade

4  dress infringement, unfair competition, false advertising and trade libel have damaged

5  HME in an amount to be determined at trial, and will continue to damage HME unless

6  restrained and enjoined by this Court.  HME is entitled to a preliminary and a permanent

7  injunction, as set forth below, to disgorgement of defendant's profits and to restitution, and

8  as a consequence of RF's willful and intentional misconduct, an award of enhanced

9  damages, punitive damages and to recovery of HME's attorneys' fees and costs incurred in

10  connection with this action.

11              **FIRST CAUSE OF ACTION**

12          (Federal Trademark Infringement- 15 U.S.C. §1114)

13      34.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

14  through 33 as though fully set forth herein.

15      35.    The actions of Defendant described herein constitute infringement of HME's

16  registered trademarks in violation of Section 32(b) of the Lanham Act, 15 U.S.C.§ 1114(1).

17      36.    Defendant's willful, deliberate and unauthorized use of the HME marks, or

18  marks confusingly similar thereto, has caused confusion and is likely to continue to cause

19  confusion, mistake and deception in that consumers are likely to associate and believe that

20  Defendant is associated with, connected to, affiliated with, authorized by, endorsed by,

21  licensed by and/or sponsored by Plaintiff in violation of Section 32(b) of the Lanham Act,

22  15 U.S.C. § 1114(1).

23      37.    As a direct and proximate result of Defendant's unauthorized use of HME's

24  marks, or marks confusingly similar thereto, Defendant has damaged and will continue to

25  damage Plaintiff's goodwill and reputation, and has caused and is likely to continue to

26  cause a loss of profits for Plaintiff.  Defendant's actions have caused and will continue to

27  cause irreparable harm to Plaintiff and to the public who is confused by Defendant's

28  unauthorized use of the HME marks, or marks confusingly similar thereto, unless restrained

1  and enjoined by this Court.  Plaintiff has no adequate remedy at law to prevent Defendant

2  from continuing its infringing actions and from injuring Plaintiff.

3      38.    As a further direct and proximate cause of Defendant's actions, Plaintiff has

4  been damaged, and will continue to sustain damage, and is entitled to receive compensation

5  arising from its lost profits and efforts necessary to minimize and/or prevent consumer

6  confusion in an amount to be proven at the time of trial.

7      39.    Plaintiff is also entitled to disgorge Defendant's profits, and is entitled to

8  interest and to its attorneys' fees and costs in bringing this action, all in an amount to be

9  proven at the time of trial.  Plaintiff is further entitled to injunctive relief as set forth above,

10  and to all other and further forms of relief this Court deems appropriate.

11      40.    The damages sustained by Plaintiff as a result of the conduct alleged herein

12  should be trebled in accordance with 15 U.S.C. § 1117(b).

13  <center>**SECOND CAUSE OF ACTION**</center>

14  <center>(Federal Common Law Trademark Infringement)</center>

15      41.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

16  through 40 as though fully set forth herein.

17      42.    The actions of Defendant described herein constitute infringement of HME's

18  trademark rights under the federal common law.

19      43.    As a direct and proximate result of Defendant's unauthorized use of HME's

20  marks, or marks confusingly similar thereto, Defendant has damaged and will continue to

21  damage Plaintiff's goodwill and reputation, and has caused and is likely to continue to

22  cause lost profits to Plaintiff.  Defendant's actions have caused and will continue to cause

23  irreparable harm to Plaintiff and to the public who is confused by Defendant's unauthorized

24  use of the HME marks, or marks confusingly similar thereto, unless restrained and enjoined

25  by this Court.  Plaintiff has no adequate remedy at law to prevent Defendant from

26  continuing its infringing actions and from injuring Plaintiff.

27      44.    As a further direct and proximate cause of Defendant's actions, Plaintiff has

28  suffered, and will continue to suffer, general damages according to proof at trial.  Plaintiff

1  is also entitled to receive compensation arising from its lost profits and efforts necessary to

2  minimize and/or prevent consumer confusion in an amount to be proven at the time of trial.

3        45.     Plaintiff is also entitled to disgorge Defendant's profits, and is entitled to

4  interest and to its attorneys' fees and costs in bringing this action, all in an amount to be

5  proven at the time of trial.  Plaintiff is further entitled to injunctive relief as set forth above,

6  and to all other and further forms of relief this Court deems appropriate.

7                      **THIRD CAUSE OF ACTION**

8          (False Designation Of Origin/Federal Unfair Competition- 15 U.S.C. §1125(a))

9        46.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

10  through 45 as though fully set forth herein.

11        47.     Defendant's unauthorized use of the HME marks, or marks confusingly

12  similar thereto, and its false or misleading descriptions of fact and/or false or misleading

13  representations of fact in connection with the marketing, advertising, promotion,

14  distribution, offering for sale and selling of its goods and services constitutes unfair

15  competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

16        48.     Further, as detailed herein, Defendant has made numerous

17  misrepresentations of fact in its commercial advertisements and promotional materials both

18  in print and electronically on the internet.  These misrepresentations of fact pertain to and

19  include, but are not limited to, the nature, characteristics and qualities of RF's products and

20  services, as well as the nature, characteristics and qualities of the products and services

21  offered by HME.

22        49.     Plaintiff is informed and believes and thereon alleges that Defendant's

23  misrepresentations of fact have deceived, and will continue to deceive, consumers about

24  matters material to their decisions to purchase Drive-Thru Headset Products and to service

25  Drive-Thru Headset Products.  Alternatively, Defendant's misrepresentations of fact have a

26  tendency to deceive a significant portion of the consuming public about matters that are

27  material to their decisions in purchasing and servicing Drive-Thru Headset Products.

28

50.     Defendant advertises in print publications that are disseminated nationwide, as well as on the internet and has therefore caused its misrepresentations of fact to enter interstate commerce.

51.     As a direct and proximate result of Defendant's actions, Defendant has damaged, and will continue to cause damage to Plaintiff through the diversion of sales, lost profits and damage to Plaintiff's goodwill and the goodwill associated with HME's marks and the HME products and services associated with those marks.  Moreover, Defendant's actions have caused, and will continue to cause, irreparable harm to Plaintiff and to the public who is deceived as to the source and sponsorship of Plaintiff's goods and services, as well as deceived as to the nature, characteristics and qualities of the products and services offered by HME and Defendant, unless restrained and enjoined by this Court.  Plaintiff has no adequate remedy at law to prevent Defendant from continuing its infringing and unfair actions and from injuring Plaintiff.

52.     As a further direct and proximate result of Defendant's actions, Plaintiff has been, and will continue to be, damaged and is entitled to receive compensation arising from its lost profits and efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time of trial.  Plaintiff is also entitled to disgorge Defendant's profits, and is entitled to interest and to its attorneys' fees and costs in bringing this action, all in an amount to be proven at trial.  Plaintiff is further entitled to injunctive relief, as set forth above, and to all other and further forms of relief this Court deems appropriate.

53.     The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117.

**FOURTH CAUSE OF ACTION**

(Federal Trade Dress Infringement- 15 U.S.C. § 1125(a))

54.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

55.     In addition to the protections afforded under the Lanham Act for the HME trademarks referenced above, Plaintiff HME has valid and protectable rights in the trade

1    dress of its products, the non-functional, inherently distinctive features of those products

2    that distinguish Plaintiff's products from its competitor's products, including Defendant's

3    products.

4         56.     HME incorporates non-functional and inherently distinctive design and color

5    features into its drive-thru headsets.  The design features and red color scheme associated

6    with the HME Odyssey headsets serve as a source identifier for these products and

7    differentiates HME products from those of others in the quick service restaurant industry.

8         57.     The trade dress incorporated into the HME headsets is inherently distinctive,

9    arbitrary and/or fanciful, and has acquired secondary meaning.

10        58.     Defendant has specific knowledge of Plaintiff's trade dress.  Defendant

11   intentionally selected non-functional design features of HME's headset products, and

12   incorporated and marketed the same products with the same features as an RF product,

13   without the consent of HME, in an effort to mimic HME's trade dress and to trade off of

14   HME's goodwill.

15        59.     Defendant's actions infringe Plaintiff's trade dress rights in its headset

16   design, and have confused and deceived, and are likely to continue to confuse and deceive

17   consumers.

18        60.     Defendant's wrongful acts have damaged Plaintiff in an amount to be proven

19   at trial.

20        61.     Plaintiff has suffered, and will continue to suffer, irreparable harm as a direct

21   and proximate result of Defendant's actions and for which monetary relief is insufficient.

22   Such irreparable harm will continue unless and until enjoined by this Court.

23                              **FIFTH CAUSE OF ACTION**

24            (Violation of California Business & Professions Code § 17500, *et. seq.*)

25        62.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

26   through 61 as though fully set forth herein.

27        63.     As set forth herein, Defendant is committing acts of unfair competition, as

28   defined by California Business & Professions Code § 17500 *et. seq.*, by misrepresenting the

1   nature, qualities and characteristics of the Drive-Thru Headset Products and services

2   provided by HME, and the nature, qualities and characteristics of the Drive-Thru Headset

3   Products provided by Defendant.  Defendant made, and continues to make, these

4   misrepresentations in advertising and promotional materials, both in printed publications

5   and electronically on the internet.  The statements published by Defendant are false and/or

6   misleading and Defendant knows, or through reasonable care should know, that the

7   statements are false and/or misleading.  Members of the public, and specifically consumers

8   of Drive-Thru Headset Products, are likely to be deceived by the misrepresentations

9   contained in Defendant's advertising and promotional materials.

10          64.     As a direct and proximate result of Defendant's false and misleading

11   advertising, Plaintiff has been harmed and seeks both restitution as well as injunctive relief

12   to remedy the harm caused by Defendant.  Plaintiff seeks a prohibitory injunction to enjoin

13   Defendant's continued publication of false and misleading advertising, as well as a

14   mandatory injunction requiring affirmative actions by Defendant to remedy or correct the

15   false and misleading information being disseminated by Defendant.

16                           **SIXTH CAUSE OF ACTION**

17                                 (Trade Libel)

18          65.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

19   through 64 as though fully set forth herein.

20          66.     Defendant RF has published, and continues to publish, false and defamatory

21   statements about HME's ION IQ All In One Headset by disseminating the "HME IQ

22   Structural Failures" document to customers and potential customers of Drive-Thru Headset

23   Products, and through communications by RF sales representatives and management level

24   employees, both verbally and in writing, republishing and embellishing the false and

25   defamatory statements set forth therein.

26          67.     These false and defamatory publications were made by RF with the intent to

27   disparage the quality, reliability and durability of HME's technology.  These false and

28   defamatory statements played, and continue to play, a material and substantial role in

1  inducing current HME customers and potential HME customers not to purchase HME

2  Drive-Thru Headset Products, including the ION IQ All In One Headset.

3       68.    Defendant published its false, defamatory and unprivileged statements with

4  actual knowledge of their falsity or with serious doubts as to their truth, so as to have acted

5  with actual malice.  Defendant intended for publication of its statements to result in harm to

6  the interests of HME, and either recognized or should have recognized that the statements

7  were likely to result in such harm.

8       69.    The false and defamatory statements alleged herein caused both general and

9  special damages to HME.

10       70.    Defendant's actions are wanton, willful, oppressive, malicious and

11  fraudulent.  As a consequence, Defendant should be assessed exemplary damages so as to

12  punish and make an example of Defendant in an effort to deter RF from engaging in similar

13  misconduct in the future.

14                       **SEVENTH CAUSE OF ACTION**

15            (Intentional Interference With Prospective Economic Advantage)

16       71.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

17  through 70 as though fully set forth herein.

18       72.    There exists and existed at all times relevant herein, actual and prospective

19  economic relationships between HME and its customers and contacts in the industry,

20  evidenced in part by prospective or actual contractual agreements between HME and its

21  customers and contacts.  Said economic relationships contain an economic benefit as well

22  as future economic benefits to HME.

23       73.    Plaintiff is informed and believes and thereon alleges, that Defendant knew

24  and knows of the economic relationships described herein and future economic

25  relationships that existed, exist and will exist between HME and its customers and contacts.

26  Plaintiff is further informed and believes and thereon alleges that Defendant knowingly,

27  fraudulently, intentionally and tortiously interfered with HME's economic relationships

28  with its customers and contacts by, as set forth herein, using and misappropriating HME's

intellectual property, by engaging in false, defamatory and misleading advertising and by engaging in unfair and deceptive sales practices to gain an unfair competitive advantage and to persuade HME customers and contacts in the industry to do business with Defendant and to divert sales and service opportunities away from Plaintiff.  Defendant's actions fall outside the privilege of fair competition.

74.     By engaging in the acts and conduct set forth herein, Plaintiff is informed and believes and thereon alleges that Defendant did disrupt existing and prospective business relationships between HME and its customers and contacts in the quick service restaurant industry.  As a legal and proximate result of Defendant's wrongful actions, HME has been damaged in an amount to be established according to proof at trial.

75.     Plaintiff is informed and believes and thereon alleges that Defendant's wrongful conduct will continue to cause injury to HME unless enjoined and restrained by this Court.

76.     Plaintiff is informed and believes and thereon alleges that Defendant's actions are willful, oppressive, fraudulent, despicable and in conscious disregard of the rights of HME and the resulting harm to HME.  As a result, Defendant should be assessed punitive and exemplary damages in an amount to punish and deter such conduct in the future.

## EIGHTH CAUSE OF ACTION

(Violation of California Business & Professions Code § 17200 *et. seq.*)

77.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76 as though fully set forth herein.

78.     By engaging in the actions set forth herein including, but not limited to, the unauthorized use of HME's intellectual property, trade libel and the dissemination of false, misleading and deceptive advertising, Defendant is engaging in unlawful, unfair and fraudulent business acts and practices in violation of California Business and Professions Code § 17200 *et. seq.*

79. As a direct and proximate result of Defendant's wrongful actions, Plaintiff has been harmed and seeks both restitution as well as injunctive relief to remedy the harm caused by Defendant. Plaintiff seeks a prohibitory injunction to enjoin Defendant's continued acts of unfair competition including its unauthorized use of Plaintiff's intellectual property, trade libel and its continued publication of false and misleading advertising, as well as a mandatory injunction requiring affirmative actions by Defendant to remedy or correct its unlawful, unfair and fraudulent practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that it obtain a judgment against Defendant as follows:

## ON THE FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION

1. That the HME trademarks have been infringed by Defendant under 15 U.S.C. § 1114 and federal common law;

2. That Defendant has engaged in unfair competition with Plaintiff in violation of 15 U.S.C. § 1125 and California Business and Professions Code § 17200 *et. seq.;*

3. That Plaintiff is entitled to recover damages from Defendant for its acts of federal trademark infringement, trade dress infringement and unfair competition, and that these damages be trebled under 15 U.S.C. § 1117 because Defendant's conduct is willful, and that Plaintiff be awarded its reasonable attorneys' fees and costs;

4. That Plaintiff is entitled to disgorge Defendant's profits under Section 43(a) of the Lanham Act;

5. That Defendant, its officers, shareholders, directors, agents, servants, employees, attorneys, parent companies, and all persons acting in concert, conspiring with and/or participating with it, be enjoined from:

   a. Using any combination, reproduction, counterfeit, copy or colorable imitation of the HME marks or the HME trade dress in advertising, offering for sale, or the sale of goods or services;

b.  Using any combination, reproduction, counterfeit, copy or colorable imitation of the HME marks or the HME trade dress in any manner likely to cause confusion, to cause mistake or to deceive;

c.  Committing any acts calculated to cause purchasers to believe that Defendant's goods and services are approved by, licensed by, affiliated with or sponsored by Plaintiff;

d.  Otherwise competing unfairly with Plaintiff in any manner including, but not limited to, the infringing use of HME's marks and trade dress, and passing off HME products as RF products.

6.      Such other and further relief as this Court deems just and proper.

## ON THE FIFTH AND EIGHTH CAUSES OF ACTION

1.      For a preliminary and permanent injunction against Defendant;

2.      Restitution;

3.      For costs of suit and such other and further relief as this Court deems just and proper.

## ON THE SIXTH CAUSE OF ACTION

1.      For an award of general and special damages against Defendant according to proof at trial;

2.      For an award of exemplary damages;

3.      For costs of suit incurred herein;

4.      Pre-judgment and post-judgment interest as permitted by California law;

5.      Such other and further relief as this Court deems just and proper.

## ON THE SEVENTH CAUSE OF ACTION

1.      For an award of general and special damages according to proof at trial;

2.      For an award of exemplary damages;

3.      For costs of suit incurred herein;

4.      Pre-judgment and post-judgment interest as permitted by California law;

5.      A preliminary and permanent injunction against Defendant; and

1    6.    Such other and further relief as this Court deems just and proper.

2

3   Dated:  December 4, 2012

4                                     PILLSBURY WINTHROP SHAW PITTMAN LLP

5

                                     By    /s/Callie A. Bjurstrom
6                                          Callie A. Bjurstrom
                                           Attorneys for Plaintiff
7                                          HM ELECTRONICS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2          Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by

3   jury of any issues so triable by right.

4   Dated:  December 4, 2012

5                                          PILLSBURY WINTHROP SHAW PITTMAN LLP

6

7                                    By   */s/ Callie A. Bjurstrom*
                                         Callie A. Bjurstrom
8                                        Attorneys for Plaintiff
                                         HM ELECTRONICS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28