UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HM Electronics, Inc.,<br><br>                                    Plaintiff,<br><br>        v.<br><br>R.F. Technologies, Inc.,<br><br>                                    Defendant. | Civil No.    12cv2884-BAS (JLB)<br><br>**Order Granting in Part and Denying in Part Defendant's Motion to Compel Plaintiff to Produce Documents and Requesting Sanctions**<br><br>**[ECF No. 105]** |

Presently before the Court is Defendant R.F. Technologies' Motion to Compel Plaintiff to Produce Documents in Response to Requests for Production of Documents, Set One, and Request for Sanctions.  (ECF No. 105.)  After careful consideration of all of the papers filed in support of and in opposition to this motion, and the authorities cited therein, Defendant's Motion to Compel is **GRANTED IN PART** and the request for sanctions is **DENIED**.

## I.    Background

This action involves Plaintiff HM Electronic's claims of economic damages and losses arising from Defendant's alleged trademark and trade dress infringement of certain "drive-thru headset systems."  (ECF No. 1.)  Plaintiff manufactures, sells and repairs drive-thru headset systems used in the quick service restaurant industry. (ECF No. 1 at ¶¶6-7.)  Plaintiff's First Amended Complaint ("FAC") against Defendant asserts claims for

1   trademark infringement, false designation of origin, trade dress infringement, trade libel,

2   unfair competition and interference with prospective economic advantage. (ECF No. 156.)

3   Plaintiff alleges that Defendant has violated the Lanham Act by using Plaintiff's trademarks

4   and trade dress in advertising and promotional materials, falsely suggesting an association

5   with or sponsorship by Plaintiff in connection with its marketing campaigns, and

6   re-branding Plaintiff's products as Defendant's products and attempting to pass those

7   products off as its own.   The FAC further alleges that Defendant has published false

8   information regarding the quality, durability and reliability of Plaintiff's products, and

9   unsubstantiated claims that Plaintiff's products that have been repaired and refurbished by

10  Defendant are stronger and more durable than Plaintiff's OEM (Original Equipment

11  Manufacturer) products.   Defendant repairs drive-thru headset products manufactured by

12  Plaintiff and by others (most notably, 3M and Panasonic).   Plaintiff asserts that Defendant

13  does not manufacture drive-thru headset systems, but does manufacture a few products for

14  use with other manufacturers' systems.

15          On or about December 13, 2013, Defendant served its Request for Production of

16  Documents, Set One upon Plaintiff. (ECF No. 105-1 at 5.)[1]  On February 14, 2014, Plaintiff

17  served its responses to the document requests.   Defendant contends that the responses were

18  "laden with meritless objections," and that Plaintiff failed to produce documents sufficiently

19  responsive to the requests.  (*Id.*)  Plaintiff and Defendant met and conferred telephonically

20  on March 7, 2014 to discuss these alleged deficiencies.   At the conclusion of the call,

21  Defendant claims that Plaintiff gave assurances that it would revisit its discovery responses.

22  (*Id.*)  According to Defendant, over three months have passed since the initial production

23  request and Plaintiff has yet to produce adequately responsive documents.  (*Id.* at 6.)

24  Defendant filed its Motion to Compel on March 27, 2014.  (ECF No. 105.)

25  *//*

26

27

28

---

[1]   Page references to documents on the Court's docket are to the CM/ECF pagination, not the document's native pagination.

12cv2884

## II.    The Instant Motion to Compel

Defendant's Motion seeks to compel production of documents responsive to Request for Production of Documents, Set One.    Defendant's Motion addresses the requests in two groups.

### A.    Request Nos. 5, 7, 9, 30, 49-52, 53-57, 73-74, 92, 102-106, and 119-128

This above group of production requests seek documents indicating the characteristics and durability of Plaintiff's drive-thru headset products, as well as the quality and costs to repair and maintain them.  (ECF No. 105-1 at 8.)  The requests also seek documents "sufficient to indicate the products [Plaintiff] contends were infringed by [Defendant]," and "documents indicating whether consumers or third-parties are confused about whether there is any connection between [Defendant and Plaintiff]."  (*Id.*)

Defendant argues that such documents are clearly relevant to the instant lawsuit.  The documents, Defendant contends, "help establish whether [Plaintiff] has a unique trademark and trade dress worthy of protection."  (*Id.* at 8-9.)  The documents will also help to establish whether there was in fact any confusion about a connection or affiliation between the Plaintiff and Defendant and whether customers and third-parties were misled in anyway. (*Id.* at 9.)

Plaintiff objects to the above requests on the grounds that they are vague, ambiguous and overboard, and therefore unduly burdensome.  Plaintiff further objects to a number of the above requests on the grounds that they seek "information not relevant to the claims or defenses at issue, nor reasonably calculated to lead to the discovery of admissible information." (ECF No. 105-3 at 10.) Additionally, Plaintiff objects to these requests to the extent that they seek "documents that contain confidential, sensitive, proprietary, or trade secret information belonging to Plaintiff."  (*Id.* at 12.)

Defendant contends that further responses and production should be compelled because Plaintiff's general objections are not sufficient responses. (ECF No. 105-1 at 14.) Defendant adds that Plaintiff has failed to provide a privilege log identifying which documents it is withholding on the basis of privilege. (*Id. at 15.*)  Defendant objects to

12cv2884

Plaintiff's responses that agree to production, but contain the limiting language "to the extent they [the responsive documents] exist." (*Id.*) Defendant seeks unequivocal responses to document requests, stating either that the responsive documents do not exist or in the alternative, that the documents do exist and will be produced forthwith. (*Id.*)

**B.    Request Nos. 3, 5-13, 15-20, 23, 27 and 39**

Plaintiff has objected to the above requests on the grounds that they are vague, ambiguous and overbroad, and therefore unduly burdensome and harassing. (ECF No. 105-1 at 21.)  Furthermore, a number of requests are objected to on the basis that they seek information protected by the attorney-client privilege or the attorney work product doctrine. (ECF No. 105-3 at 12.)

Defendant argues that Plaintiff's relevancy objections to the above requests "are self-serving, and ring hollow." (ECF No. 105-1 at 17.)  The threshold for relevance is minimal, and Defendant contends that it is entitled to discovery regarding any non-privileged matter that is relevant to any party's claim or defense. (*Id.* at 21 (citing Fed. R. Civ. P. 26(b)(1).)  "Documents that pertain in any way to [Plaintiff's] method and manner of competing with [Defendant] are relevant to [Defendant's] defense of [Plaintiff's] unfair competition allegations, particularly if these documents show that [Plaintiff] is engaged in similar, identical conduct in the drive-thru headset market." (*Id.*)  Defendant argues that because truth is one of Defendant's affirmative defenses to the trade libel allegations, documents concerning complaints lodged by customers regarding the service, repair, or sale of Plaintiff's products are relevant and should be produced. (*Id.* at 23.)

**C.    Defendant Contends that Monetary Sanctions Should be Awarded**

Defendant submits that monetary sanctions are appropriate here because Plaintiff has "abused the discovery process by making unmeritorious boilerplate objections to discovery, without substantial justification, and providing evasive and incomplete responses . . . ." (*Id.* at 24.)  Defendant seeks sanctions in the amount of $5,150 for attorney's fees and costs occurred in bringing the instant motion. (*Id.*)

//

12cv2884

1    Plaintiff argues that the request for sanctions should be denied because "discovery

2    sanctions 'must not' be ordered where 'the opposing party's nondisclosure, response, or

3    objection was substantially justified' or 'other circumstances make an award unjust.'" (ECF

4    No. 123 at 21 (citing Fed. R. Civ. P. 37(a)(5)(A)).)  According to Plaintiff, both preclusions

5    apply in this case.  (*Id.*)  First, Plaintiff's objections and refusals to produce documents are

6    justified because genuine disputes exist over whether the documents should be produced.

7    (*Id.* (citing *Pierce v. Underwood*, 487 U.S. 522, 556 (1988)).)  Secondly, an award of

8    expenses in this case would be unjust because Defendant has also acted unjustifiably in

9    providing "piecemeal production of scant documents responsive" to Plaintiff's requests. (*Id.*

10   at 22.)

11   **III.   Legal Standard**

12       **A.    Discovery**

13       The Federal Rules of Civil Procedure ("FRCP") generally allow for broad discovery,

14   authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant

15   to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1). In addition, "[f]or good cause,

16   the court may order discovery of any matter relevant to the subject matter involved in the

17   action." *Id.* Relevant information for discovery purposes includes any information

18   "reasonably calculated to lead to the discovery of admissible evidence," and need not be

19   admissible at trial to be discoverable. *Id.*  There is generally no requirement that the

20   information sought by a party directly relate to a particular issue in the case. Rather,

21   relevance encompasses any matter that "bears on," or could reasonably lead to matter that

22   could bear on, any issue that is or may be present in the case.  *Oppenheimer Fund, Inc. v.*

23   *Sanders*, 437 U.S. 340, 351 (1978).

24       District courts have broad discretion to determine relevancy for discovery purposes.

25   *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Similarly, district courts have broad

26   discretion to limit discovery where the discovery sought is "unreasonably cumulative or

27   duplicative, or can be obtained from some other source that is more convenient, less

28   //

12cv2884

1   burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)©.  Limits should also be imposed

2   where the burden or expense outweighs the likely benefits.  *Id.*

3        A party may request the production of any document within the scope of Rule 26(b).

4   Fed. R. Civ. P. 34(a).  "For each item or category, the response must either state that

5   inspection and related activities will be permitted as requested or state an objection to the

6   request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  Under FRCP 26(e), a party

7   who has made a disclosure under Rule 26(a), or who has responded to an interrogatory,

8   request for production, or request for admission must supplement or correct its disclosure

9   or response in a timely manner if the party learns in some material respect the disclosure or

10  response is incomplete or incorrect.  Fed. R. Civ. P. 26(e).

11       **B.    Sanctions**

12       A party who prevails on a motion to compel is entitled to his or her expenses,

13  including reasonable attorney fees, unless the losing party was substantially justified in

14  making or opposing the motion, or if other circumstances make such an award unjust.  Fed.

15  R. Civ. P. 37(a)(5)(A).  The losing party must have had notice and an opportunity to be

16  heard before a court will award expenses to the prevailing party on a motion to compel.  *Id.*;

17  *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983).

18  **IV.   Analysis**

19       Plaintiff's Opposition addresses the requests for production in two groups.

20       **A.    Requests Nos. 5, 6, 9, 15, 49, 51-53, 55-57, 74, 92, 102-106, and 123-125**

21       Plaintiff states that it has agreed to produce documents responsive to the requests

22  above and that it is continuing to produce such documents on a rolling basis. (ECF No. 123

23  at 7.)  Plaintiff claims that it has served written responses to Defendant's document requests

24  on February 14, 2014, that it has made four productions since that time, and that its efforts

25  to collect and produce responsive documents continues.  (*Id.* at 8.)  Accordingly, the Court

26  finds that Defendant's Motion to Compel as to the above document requests is not ripe and

27  is hereby **DENIED** without prejudice.  However, as is set forth more fully in the conclusion,

28  //

12cv2884

Plaintiff is ordered to complete its review and production of the documents it intends to produce by **August 4, 2014**.

### B.   Remaining Requests

It appears that the following requests remain in contention: 3, 7, 8, 10, 12, 13, 17-20, 23, 27, 30, 39, 50, 54, 73, 119-122, 126-128.[2]  Each will be addressed below.

#### 1.   Request No. 3

This request seeks all minutes from Plaintiff's board meetings and shareholder meetings for the last six years.  (ECF No. 105-3 at 7.)  Plaintiff objects on the grounds of relevance and that confidential and proprietary information is sought and that the documents are protected by the attorney-client privilege because Plaintiff's general counsel is present and offers legal advice during these meetings.  (ECF No. 123 at 10-11.)

Defendant contends that such minutes are likely to reveal Plaintiff's strategies for competing with Defendant.  Such documents are relevant to Defendant's defense of the unfair competition allegations, particularly if these documents show that Plaintiff is engaged in the same type of conduct that Plaintiff argues was improper when performed by the Defendant.  (ECF No. 129 at 5.) Defendant further argues that Plaintiff cannot simply withhold all documents on the basis of attorney-client privilege.  (*Id.*)

This request for production is overbroad as drafted and not reasonably calculated to lead to the discovery of admissible evidence.  The Court finds unpersuasive Defendant's broad claim that any documents that pertain "in any way" to Plaintiff's method and manner of competing with Defendant are relevant to Defendant's defense of the unfair competition allegations.  To the extent that Defendant seeks documents evidencing that Plaintiff is engaged in "similar, identical [unfair competition] conduct," Defendant has not offered any indication that it has a good faith belief that Plaintiff is engaged in such conduct, much less

---

[2]  Plaintiff has already provided written responses regarding Document Request Nos. 11, 16, 88, 123, and 129.  Plaintiff has stated that it has no documents responsive to these requests in its possession, custody, or control.  (ECF No. 123 at 9; ECF No. 105-1 at 8.)  Accordingly, Defendant is not seeking to compel further production as to these requests. (ECF No. 105-1 at 8.)

12cv2884

that the requested documents will evidence said conduct.  Moreover, this document request is not tailored to obtain documents evidencing practices of unfair competition by Plaintiff, and instead seeks to obtain, without limitation, all minutes from board meetings and shareholder meetings for the past six years.  Defendant's Motion to Compel as to Request No. 3 is accordingly **DENIED**.

### 2.    Requests No. 7 and 8

Request Nos. 7 and 8 seek documents that Plaintiff has regarding the characteristics or durability of products manufactured by two of its competitors - 3M and Panasonic.  (ECF No. 105-3 at 10-11.)

Plaintiff argues that such requests have no bearing on Plaintiff's claims that Defendant infringed Plaintiff's trademarks and engaged in false and otherwise unfair advertising, nor do the requests have any bearing on Defendant's defenses to these claims. (ECF No. 123 at 11.)  "Not only is this information entirely irrelevant to this case, Plaintiff's analysis of its competitor's products is highly confidential."  (*Id.*)

Upon a showing of confidentiality, the burden shifts to Defendant to demonstrate that the requested discovery is both relevant and essential to a judicial determination of its case. *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006) (citing *Upjohn Co. v. Hygieia Biological Laboratories*, 151 F.R.D. 355, 358 (E.D. Cal. 1993).  Because "there is no absolute privilege for trade secrets and similar confidential information," the Court's role in this inquiry is to balance the need for the trade secrets against the claim of injury resulting from disclosure.  *Centurion Indus., Inc. v. Warren Steurer and Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981) (citing *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 (1979)).

Defendant offers little by way of explanation of the relevance of these documents. Defendant addresses Requests Nos. 7 and 8 in combination with all of the requests from 5 through 12 and supports these request collectively by saying, "Because [Defendant] contends that its parts and equipment are more durable than [Plaintiff's], and that it has thus not engaged in trade libel, obtaining such documents from [Plaintiff] would be relevant to

12cv2884

[Defendant's] defense in this matter." (ECF 105-1 at 21-22.)  This explanation would justify a request for documents going to the relative durability of Defendant's parts and equipment versus Plaintiff's parts and equipment.  But the explanation does not explain the relevance of the documents requested in Requests No. 7 and 8, which go to documents possessed by Plaintiff which relate to the characteristics and durability of products manufactured by competitors 3M and Panasonic.

The Court concludes that Defendant has not met its burden of establishing relevancy and need.  Accordingly, Defendant's Motion to Compel is **DENIED** as to Request Nos. 7 and 8.

### 3.    *Request 10*

Request No. 10 seeks documents concerning Plaintiff's comparison of its own drive-thru headset products in their original condition as compared to the products after being repaired or refurbished by Plaintiff.  (ECF No. 105-1 at 18.)

Plaintiff objects that the documents requested "have nothing to do with the claims and defenses at issue." (ECF No. 123 at 12.) Plaintiff further complains that the request seeks "highly confidential information concerning [Plaintiff]'s product development endeavors."

Defendant addresses Request 10 only in conjunction with its support for all of Document Requests 5-12, stating that "because [Defendant] contends that its parts and equipment are more durable than [Plaintiff]'s, and that it has thus not engaged in trade libel, obtaining such documents from [Plaintiff] would be relevant to [Defendant's] defense in this matter." (ECF 105-1 at 21-22.)

The requested documents are relevant to Defendant's ability to defend against Plaintiff's allegation in its FAC that "the HME Drive-Thru Headset Products repaired by RF are, in fact, not more durable or reliable and are oftentimes less durable and reliable than original manufacturer equipment and/or repairs." (ECF 156 at ¶ 30.) The document request is narrowly tailored, and Plaintiff has not demonstrated how documents responsive to this specific request would disclose highly confidential product development information. Furthermore, there is a Protective Order already in place. (ECF No. 58.) If the Parties feel

12cv2884

that the Protective Order is inadequate, they are free to seek amendment. Defendant's Motion to Compel is **GRANTED** as to Request No. 10.

### 4.     *Request No. 13*

This request seeks documents that identify all persons responsible for Plaintiff's advertising and marketing materials. (ECF No. 105-3 at 14.) Plaintiff again objects on relevancy grounds. (ECF No. 123 at 14.) Plaintiff argues that its own marketing efforts are not at issue in this case. (*Id.*)

Defendant contends that such documents are relevant and that Defendant seeks documents that it believes will lead to the discovery of admissible evidence. (ECF No. 129 at 7.) "In this instance, [Plaintiff] contends that [Defendant] is unfairly competing by virtue of certain advertisements. However, [Plaintiff] and its wholly owned subsidiary repair shop may be mimicking [Defendant's] advertising, which would be relevant to the fact finder in deciding the legitimacy of [Plaintiff's] claim." (*Id.*)

The Court finds Defendant's relevancy argument unpersuasive. Defendant has given no indication that it has a good faith belief that Plaintiff or its wholly owned subsidiary is "mimicking [Defendant's] advertising." Mere fanciful possibilities do not provide adequate bases for the propounding of discovery requests. Defendant's Motion to Compel is **DENIED** as to Request No. 13.

### 5.     *Requests Nos. 12, 17-20 and 23*

Request No. 12 aks for all documents concerning Plaintiff's repair, refurbishment, and maintenance of its own drive-thru headset products. (ECF No. 105-3 at 13.) Request Nos. 17-19 and 23 seek documents related to Plaintiff's inspection, testing, repair, and maintenance and analysis of its drive-thru headsets. (*Id.* at 16-20.) Request No. 20 seeks documents identifying service technicians who repaired Plaintiff's headsets. (*Id.* at 18.)

Plaintiff argues that such requests have no bearing on Plaintiff's claims that Defendant infringed Plaintiff's trademarks and engaged in false and otherwise unfair advertising, nor do the requests have any bearing on Defendant's defenses to these claims. (ECF No. 123 at 11, 15.) In addition to relevancy, Plaintiff objects on the grounds that the

12cv2884

requests seek highly confidential and proprietary information, and that production would number in the hundreds of thousands. (*Id.*) "There is no justification for imposing this burden on [Plaintiff], particularly since the information has no bearing on the parties' claims or defenses." (*Id.*) Plaintiff's repair and maintenance of its own products is not at issue in this case and production would comprise hundreds of thousands of documents and would be an extraordinarily expensive undertaking. (*Id.* at 12.)

Defendant argues that because Plaintiff is contending that Defendant was repairing Plaintiff's products in a way that damaged Plaintiff's reputation, Plaintiff's methods for repairing its own products could be relevant for the purposes of comparing the parties' conduct. Furthermore, Defendant argues that it may wish to depose Plaintiff's technicians and that "the identity and location of persons having knowledge of any discoverable information is discoverable." (ECF No. 105-1 at 22 (citing Fed. R. Civ. P. 26(b)(1)).) Defendant further argues that volume alone does not render responding to the request unduly burdensome, especially when the documents are stored electronically. (*Id.*)

The Court is persuaded that some documents relating to Plaintiff's repair and maintenance of its own products are likely to be relevant to the claims and defenses in this case. Defendant wishes to obtain documents related to the methods and procedures used by Plaintiff to repair its own products because these documents could be relevant to whether Defendant's repair and maintenance was deficient or damaging. Certain documents could also be relevant to Defendant's defense of truth raised in response to Plaintiff's trade libel claim.

However, as crafted, Defendant's Requests for Production 12, 17-19 and 23 are overbroad, and in combination would result in the production of every document since 2008 related to Plaintiff's product development, analysis, testing, refurbishment and repair of drive-thru headsets. Plaintiff represents that this would constitute hundreds of thousands of documents.

In addition, Plaintiff claims that such documents are highly confidential. (ECF No. 123 at 11.) Upon a showing of confidentiality, the burden shifts to Defendant to

12cv2884

demonstrate that the requested discovery is relevant and essential to a judicial determination of its case. *Gonzales*, 234 F.R.D. at 684 (citing *Upjohn Co. v. Hygieia Biological Laboratories*, 151 F.R.D. 355, 358 (E.D. Cal. 1993)). Because "there is no absolute privilege for trade secrets and similar confidential information," the Court's role in this inquiry is to balance the need for the trade secrets against the claim of injury resulting from disclosure. *Centurion Indus., Inc.*, 665 F.2d at 325 (citing *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 (1979)).

Defendant has met its preliminary burden of demonstrating relevance, but has not sufficiently demonstrated the need for such an expansive document request in light of the confidentiality concerns raised by Plaintiff and the burden involved in the production. The Motion to Compel as to Request Nos. 12, 17-19 and 23 as they are currently drafted is **DENIED**. Request No. 20 does not raise the same concerns. Accordingly, the Motion to Compel as to Request No. 20 is **GRANTED**.

### 6.     Request No. 27

This request seeks production of all communications between Plaintiff and third parties that discuss or refer to Plaintiff's drive-thru headset products for the period of January 1, 2008 to the present. (ECF No. 105-3 at 22.) Plaintiff objects to the request, stating that it would require Plaintiff to produce every communication it has had with its suppliers, vendors, customers, and dealers for the last six years. "The burdensome and harassing nature of this request is egregious." (ECF No. 123 at 16.)

Defendant contends that these documents are relevant to the issues and defenses in this case and could possibly reveal that there is no confusion as to the differences between Plaintiff's and Defendant's products. (ECF No. 129 at 5.)

The Court finds this particular request to be overbroad, and accordingly, Defendant's Motion to Compel is **DENIED** as to Request No. 27 as currently drafted.

//

//

//

12cv2884

### 7.   Request No. 30

This request asks for "Documents sufficient to show each of the HME products that [Plaintiff] contend[s] were infringed by [Defendant] and the sales price associated with each product sold, from January 1, 2008 to the present." (ECF No. 105-3 at 24.)

Plaintiff argues that this particular request is "nonsensical" and furthermore, Plaintiff is not seeking lost profits but rather disgorgement of Defendant's profits. (ECF No. 123 at 16.) Defendant argues that disgorgement of Defendant's profits is not the only way to calculate damages and thus, Plaintiff's sale prices are relevant. (ECF No. 129 at 6.)

The Court finds this request to be vague and ambiguous. Defendant's Motion to Compel is **DENIED** as to Request No. 30 as currently drafted.

### 8.   Request No. 39

Request No. 39 seeks all documents concerning any complaints Plaintiff has received concerning Plaintiff's repair, maintenance, or sale of any HME drive-thru headset products. (ECF No. 105-3 at 28.) Plaintiff submits that the request is overbroad on its face because Plaintiff has been selling drive-thru headset products for over 30 years. (ECF No. 123 at 17.) Defendant contends that such records are relevant in that they may bolster Defendant's affirmative defense of truth.

The Court finds this request to be overbroad as it fails to include the limiting timeframe-"for the period of January 1, 2008 to the present"-set forth in the other document requests. Accordingly, Defendant's Motion to Compel is **DENIED** as to Request No. 39 as drafted.

### 9.   Request Nos. 50, 54, 126, and 128

These requests seek all documents and communications concerning the amount of damages Plaintiff has sustained as a result of Defendant's alleged disparagement of Plaintiff's products and Defendant's interference with Plaintiff's economic relations, the documents supporting Plaintiff's claim for damages on its Lanham Act claims, and all documents that evidence Plaintiff's theory of damages. (ECF No. 105-3 at 35-37; 79-80.)
//

12cv2884

Plaintiff argues that such requests seek the disclosure of expert witness testimony and provides that expert reports in this case are due on May 14, 2014 - a date which has passed since the filing of Plaintiff's opposition.  (ECF No. 123 at 18.)  Plaintiff submits that its expert will quantify Plaintiff's damages on all of its claims in the expert's report and presumably, Defendant will subpoena the expert's file, which will include all documentation upon which the expert relied.  Defendant argues that such requests are relevant, are likely to lead to the discovery of admissible evidence, and that Plaintiff should be compelled to produce.  (ECF No. 129 at 8.)

Because the deadline to exchange expert reports has now passed, the Court **DENIES** as moot, and without prejudice, Defendant's Motion to Compel as to Requests Nos. 50, 54, 126 and 128.  To the extent that Plaintiff's expert report does not provide the information sought by Defendant, the requests for production may be renewed, after complying with the Court's procedures.

### 10.   Request No. 73

This request seeks documents "sufficient to describe the trade dress." (ECF No. 105-3 at 49.)  Plaintiff claims to have complied with this request.  (ECF No. 123 at 19.)  "In an effort to provide [Defendant] with the information it presumably sought through this request, [Plaintiff] answered the request as if it were posed as an interrogatory. [Plaintiff] provided a detailed narrative of the non-functional, distinctive features of its products that are the subject of its claim for trade dress infringement." (*Id.*)  Plaintiff also "produced photographs of products that depict its trade dress." (*Id.*)

Defendant's Reply brief does not address Plaintiff's argument that it has already complied with this request. (ECF No. 129 at 6.)  Rather, Defendant argues that the Plaintiff should be compelled to produce responsive documents and that production would not be overly burdensome.  (*Id.*)

Because it appears that this request has already been responded to, and because Defendant has failed to object to the responses/documents provided, the Court **DENIES** Defendant's Motion to Compel as to Request No. 73.

12cv2884

### 11.   Request Nos. 119-122

The above requests ask Plaintiff to disclose and produce detailed and extensive financial information regarding its income, sales, revenues and profits. (ECF No. 105-3 at 74-76.)  Plaintiff objects to the requests in part because they are "unrestricted by either scope or date, [and] are facially overbroad." (ECF No. 123 at 19.)  Furthermore, Plaintiff argues that it is not seeking damages in the form of lost profits so accordingly, the information sought is not relevant to the claims or defenses of this action. (*Id.* at 19-20.) Finally, Plaintiff asserts that Plaintiff's "financial information is highly confidential and proprietary" and Plaintiff "should not be required to essentially open its books up for scrutiny and analysis to a known competitor under these circumstances."

Defendant does not specifically respond to Plaintiff's objections to Requests Nos. 119-122.  Defendant does however argue that many of Defendant's requests mirror the requests made by Plaintiff to Defendant. (ECF No. 129 at 6.)  Accordingly, "if it is improper for [Defendant] to make such allegedly overbroad requests, then [Plaintiff's] corresponding requests to [Defendant] must also be improper." (*Id.*)

The Court notes that while Plaintiff claims that the above requests are unrestricted by date,  Requests Nos. 119 and 120 contain the limiting language, "during the period from January 1, 2008 to the present." (ECF No. 105-3 at 74-75.)  Request Nos. 121 and 122 contain no such limitation. (*Id.* at 75.)  Accordingly, the Court finds Request Nos. 121 and 122 to be overbroad and Defendant's Motion to Compel as to these two requests is **DENIED**.[3]

As to Requests Nos. 119 and 120, although Plaintiff objects on relevance grounds based upon Plaintiff's position that it is not seeking damages in the form of lost profits, the Court must consider Plaintiff's operative pleading - the FAC.  Plaintiff alleges in its FAC that "Defendants' unauthorized use of the HME marks is causing irreparable harm to

---

[3]   The Court does not consider and takes no position on whether Requests Nos. 121 and 122 would withstand scrutiny if they were propounded as currently drafted but with a time limitation added.

12cv2884

[Plaintiff] by . . . diverting sales away from [Plaintiff] and its authorized dealers and distributors." (ECF No. 156 at ¶ 16.) Further, Plaintiff alleges, "Defendants' unauthorized use of the HME marks is causing irreparable harm to [Plaintiff] by diverting service revenues away from [Plaintiff] and its authorized repair centers." (ECF No. 156 at ¶ 19.) Additionally, Plaintiff's FAC contains a cause of action for Intentional Interference with Prospective Economic Advantage (Sixth Cause of Action), as a part of which Plaintiff alleges, "Defendants did disrupt existing and prospective business relationships between [Plaintiff] and its customers and contacts in the quick service restaurant industry [and] . . . [Plaintiff] has been damaged in an amount to be established according to proof at trial." (ECF No. 156 at ¶ 71.)

So long as Plaintiff's operative pleading contains causes of action and allegations that put Plaintiff's finances at issue, and so long as Plaintiff has not, in any binding way, limited its measure of damages to the disgorgement of Defendant's profits, Plaintiff's financial documents are relevant. Furthermore, as previously noted, there is a Protective Order already in place. (ECF No. 58.) If the Parties feel that the Protective Order is inadequate, they are free to seek amendment. Accordingly, Defendant's Motion to Compel is **GRANTED** as to Request Nos. 119 and 120.

### 12. *Request No. 127*

This request seeks all bills for any attorney's fees that Plaintiff is seeking to recover in this action. (ECF No. 105-3 at 83.) Plaintiff argues that such a request is "grossly premature and calls for the unnecessary disclosure of confidential information and information protected by the attorney-client privilege and the attorney work product doctrine." (ECF No. 123 at 20.) "If and when the Court or jury determines that [Plaintiff] is entitled to an award of attorney's fees, [Plaintiff] will provide invoices with detail sufficient to enable both the Court and [Defendant] to evaluate the amounts and nature of the work performed." (*Id.* at 21.)

//

//

12cv2884

Defendant does not respond specifically to this objection but does argue that it seeks relevant information and that the Court "should order [Plaintiff] to produce all responsive documents in its possession, custody or control." (ECF No. 129 at 6.)

The Court finds that this request is premature as no judgement has been entered in this action. Accordingly, Defendant's Motion to Compel is **DENIED** as to Request No. 127.

## C.   Sanctions

Federal Rule of Civil Procedure 37 states that a Court may award sanctions if it grants a motion to compel. Because the Court has declined to compel the majority of Defendant's requests, the Court finds that sanctions are not appropriate. Accordingly, Defendant's request for sanctions is **DENIED**.

## V.   Conclusion

For the reasons set forth above, Defendant's Motion is **GRANTED** in part and **DENIED** in part. Plaintiff shall complete its document production as to Requests for Production of Documents, Set One by **August 4, 2014**. Plaintiff shall provide a privilege log on or before **July 17, 2014.** The privilege log is to be updated and provided to Defendant with each supplemental document production from which documents are withheld on the basis of claimed privilege or otherwise. Plaintiff is instructed that its responses to Requests for Production of Documents, Set One must comply with the following: (1) if there are no documents responsive to a particular request, Plaintiff must so state for each such request for production; (2) Plaintiff must clearly state whether all responsive documents have been produced and whether Plaintiff is withholding any documents based on a claim of privilege or otherwise; and (3) Plaintiff shall amend previous responses by **August 4, 2014** if those responses fail to comply with the above requirements.

//

//

//

//

//

12cv2884

Prior to the filing of any further motions to compel, the parties are required to engage in a detailed, good faith conference regarding the disputed requests or issues via telephone or in person. Any counsel not fully cooperating in this process or acting so as to obstruct reasonable discovery may be subject to sanctions, monetary or otherwise. If an agreement cannot be reached, counsel are to follow Chambers Rules regarding the procedure for informal discovery dispute resolution. These Rules can be found on the Court's website.

**IT IS SO ORDERED.**

**DATED: July 3, 2014**

**JILL L. BURKHARDT**
**United States Magistrate Judge**

12cv2884