1

2                    UNITED STATES DISTRICT COURT

3                  SOUTHERN DISTRICT OF CALIFORNIA

4   HM ELECTRONICS, INC., a              Case No.: 12cv2884-BAS (MDD)
    California corporation,
5                        Plaintiff,      **ORDER RE:**

6   v.                                   **(1) DEFENDANT'S MOTIONS
                                         FOR AN ORDER TO SHOW
7   R.F. TECHNOLOGIES, INC., an          CAUSE WHY PLAINTIFF AND
    Illinois corporation,                THIRD PARTY COMMERCIAL
8                        Defendant.      ELECTRONICS, INC. SHOULD
                                         NOT BE HELD IN CONTEMPT,
9
                                         (2) JOINT MOTION RE
10                                       DISCOVERY OF PLAINTIFF'S
                                         FINANCIAL RECORDS,
11
                                         (3) PLAINTIFF'S MOTION RE
12                                       VIOLATION OF PROTECTIVE
                                         ORDER AND MOTIONS FOR
13                                       LEAVE TO FILE DOCUMENTS
                                         UNDER SEAL IN SUPPORT
14                                       AND IN OPPOSITION, and

15                                       (4) DEFENDANT'S MOTION
                                         TO EXCLUDE PLAINTIFF'S
16                                       SUPPLEMENTAL
                                         DISCLOSURES AND MOTION
17                                       FOR LEAVE TO FILE
                                         DOCUMENTS UNDER SEAL**

18
                                         **[ECF Nos. 203, 204, 209, 217,
19                                       219, 222, 224, 225]**

1

Discovery in this case has been contentious.  The parties seem to have forgotten or have chosen to ignore that discovery should be self-executing under the Federal Rules of Civil Procedure, requiring little court intervention.  The magistrate judges assigned to this case collectively have held at least seven discovery conferences in vain attempts to resolve disputes.  The court has reminded the parties of their mutual obligations to act professionally under Local Rules 83.4(1)(e), 83.4(1)(g), and 83.4(2)(d), without any apparent improvement in their conduct.  In the last three months, the parties have filed fourteen motions arising from discovery disputes.

Even more alarming, motions for contempt or sanctions for violating a court order—a rarity on most court dockets—have become routine in this action.  The frequency of contempt and sanctions motions are a sure sign that the parties are demanding a disproportionate share of the court's time compared to litigants in other cases, but are less willing to comply with the orders the court has issued at the parties' urging.

In an effort to move this case beyond gamesmanship and bickering and towards the most "just, speedy, and inexpensive determination"

12cv2884-BAS (MDD)

1    that is possible in this case, the Court resolves in this order all of the

2    pending motions that have been referred to this Court.  Specifically, the

3    Court rules upon Defendant's motions for contempt and sanctions

4    against Plaintiff and Plaintiff's third party subsidiary (ECF Nos. 203,

5    204), a joint motion re discovery of Plaintiff's documents (ECF No. 209),

6    Plaintiff's motion re Defendants' alleged violation of the Protective

7    Order (ECF No. 219), Defendants' motion to exclude Plaintiff's

8    supplemental disclosures (ECF No. 224), and a series of related motions

9    to seal (ECF Nos. 217, 222, 225).

10                              **Background**

11   **A.**    **Nature of the Case**

12          This action involves Plaintiff HM Electronic's claim of damages

13   arising from Defendant's alleged trademark and trade dress

14   infringement of certain "drive-thru headset systems."  (ECF No. 1).

15   Plaintiff's First Amended Complaint ("FAC") asserts claims for

16   trademark infringement, false designation of origin, trade dress

17   infringement, trade libel,  unfair competition and interference with

18   prospective economic advantage.  (ECF No. 156).  Plaintiff alleges that

19   Defendant has violated the Lanham Act by using Plaintiff's trademarks

12cv2884-BAS (MDD)

and trade dress in advertising and promotional materials, falsely

suggesting an association with or sponsorship by Plaintiff in connection

with its marketing campaigns, and re-branding Plaintiff's products as

Defendant's products and attempting to pass those products off as its

own. The FAC further alleges that Defendant has published false

information regarding the quality, durability and reliability of

Plaintiff's products, and unsubstantiated claims that Plaintiff's

products that have been repaired and refurbished by Defendant are

stronger and more durable than Plaintiff's OEM (Original Equipment

Manufacturer) products. Defendant repairs drive-thru headset

products manufactured by Plaintiff and by others (most notably, 3M

and Panasonic).

**B.       Disputes**

By the time this Court inherited this case, the docket—now

spanning over 240 entries—was riddled with discovery disputes.

Magistrate Judge McCurine, then assigned to this case, held telephonic

discovery conferences on November 25, 2013 and December 12, 2013,

and subsequently ordered Defendant's attorney to serve an affidavit

that explained his client's process of collecting and storing repair

12cv2884-BAS (MDD)

1    requests.  (ECF Nos. 56, 61, 60).  Judge McCurine held two more

2    telephonic conferences, one on December 19, 2013, and another on

3    January 10, 2014.  (ECF Nos. 62, 65).  On January 13, 2014, Judge

4    McCurine issued an order essentially regulating the meet and confer

5    discussions between the parties about the Defendants' inadequate

6    document production.  (ECF No. 64).  Judge McCurine held another

7    telephonic status conference on January 23, 2014.  (ECF No. 76).  Judge

8    McCurine held yet another telephonic discovery conference the

9    following Monday.  (ECF Nos. 71, 77).[1]  After that conference, Judge

10   McCurine issued an order requiring Defendant to complete the

11   production and privilege log by dates specified in the order.  (ECF No.

12   71).

13          In the meantime, Plaintiff filed a Motion for an Order to Show

14   Cause Why Defendant R.F. Technologies, Inc. Should Not Be Held In

15   Contempt for violating a preliminary injunction imposed by the

16   assigned District Judge.  (ECF No. 72).

17          On January 31, 2014, upon the retirement of Judge McCurine, the

18   case was reassigned to Magistrate Judge Brooks.  (ECF No. 80).  On

19

---

[1] The docket numbers are out of chronological order.

12cv2884-BAS (MDD)

February 25, 2014, Judge Brooks ordered the parties to meet and confer in person before February 28, 2014, and set an attorneys' only discovery conference for March 10, 2014.  (ECF Nos. 83, 84).

On March 4, 2014, Plaintiff filed an ex parte motion to continue third party depositions.  (ECF No. 88).  Judge Brooks granted the motion to stay, but admonished "[t]he parties are reminded of the mutual obligations pursuant to Local Rules 83.4(1)(e), (g) and 84.4(2)(d)."  (ECF No. 89).  Those Local Rules pertain to professionalism and civility in the meet and confer process.  Civ. L. R. 83.4(1)(e), (g), and (2)(d).

The next day, Defendants filed a motion to quash Plaintiff's third party subpoenas.  (ECF No. 90).  Judge Brooks determined that the motions to quash were not properly filed in this District, because they required compliance outside of the Southern District.  (ECF No. 93).

Shortly after that, District Judge Anello issued a tentative ruling on Plaintiff's Motion for Contempt and Sanctions against Defendant regarding Defendant's alleged violation of the preliminary injunction issued by District Judge Anello.  (ECF No. 94).  Judge Anello held a hearing on the contempt motion on March 10, 2014.  (ECF No. 97).

12cv2884-BAS (MDD)

1  During the hearing, Judge Anello determined that Defendant had not

2  complied with a preliminary injunction order, but set a continued

3  hearing and requested additional evidence regarding Defendant's

4  ability to comply and what the impact of coercive sanctions would be on

5  Defendant.  (ECF Nos. 99, 100).

6      On the same day, Judge Brooks held a discovery conference.  (ECF

7  No. 98).  Judge Brooks issued an order concluding that the discovery

8  disputes could not be resolved at the conference, and permitting the

9  parties to file motions regarding those disputes.  (*Id.*).  Accordingly,

10  Plaintiff filed a motion for sanctions against Defendant for failure to

11  comply with Judge McCurine's discovery order, and Defendant filed

12  motions to compel Plaintiff and third party Commercial Electronics, Inc.

13  to produce documents.  (ECF Nos. 101, 105, 106).  Meanwhile, the case

14  was reassigned from Judge Brooks to Magistrate Judge Burkhardt, who

15  replaced Judge McCurine.  (ECF No. 109).

16      On April 11, 2014, Judge Anello issued a new tentative ruling

17  granting the Plaintiff's motion for contempt against Defendant relating

18  to the preliminary injunction.  (ECF No. 122).  Judge Anello held the

19  continued hearing on April 14, 2014, and issued the final ruling finding

Defendant in contempt for violating the preliminary injunction.  (ECF Nos. 126, 127, 132).  Judge Anello's Order imposed a daily fine of $2,500 against Defendant to compel compliance with the preliminary injunction.  (ECF No. 127).  Only then did Defendant purge itself of contempt.  (ECF Nos. 133, 134).  Afterwards, the case was reassigned from Judge Anello to District Judge Bashant.  (ECF No. 42).  Plaintiff then filed motions for attorneys' fees incurred in the contempt proceedings, and to disgorge the profits Defendant earned by flouting the preliminary injunction.  (ECF Nos. 144, 147).

On July 3, 2014, Judge Burkhardt issued three orders, an order granting in part and denying in part Plaintiff's motion for sanctions against Defendant for violating Judge McCurine's discovery order (ECF No. 185), an order granting in part and denying in part Defendant's motion to compel Plaintiff to produce documents (ECF No. 186), and an order granting in part and denying in part Defendant's motion to compel third party Commercial Electronics, Inc. ("CE") to produce documents (ECF No. 187).  Judge Burkhardt's Orders requiring Plaintiff and CE to produce documents (ECF Nos. 186, 187) govern several of the disputes decided in this Order.  After Judge Burkhardt

8

issued those Orders, the case was reassigned to this Court.  (ECF No. 188).

On September 5, 2014, Defendant filed the instant motions for sanctions and contempt against Plaintiff and CE for failing to comply with Judge Burkhardt's July 3, 2014 Orders to produce financial documents.  (ECF Nos. 203, 204).  Less than a month later, the parties filed the instant joint motion in which Defendant seeks to compel Plaintiff to produce additional documents.  (ECF No. 209).

On the eve of the discovery and motion cutoff, the parties each fired their last volleys of discovery-related motions.  Plaintiff filed the instant ex parte motion to set a conference to address Defendant's alleged violation of the Protective Order, along with a motion to seal. (ECF Nos. 217-219).  Defendant filed two ex parte motions to strike or exclude Plaintiff's "Belated Supplemental Disclosures," along with a motion to seal, and a later motion to strike the first incorrectly filed motion.  (ECF Nos. 220-224).  Plaintiff also filed a motion to exclude Defendant's expert's testimony, which motion is before the District Judge, and a motion for sanctions and an adverse inference instruction

12cv2884-BAS (MDD)

1  against Defendants for spoliating evidence, which was stricken by the

2  District Judge.  (ECF Nos. 233, 235-237).

3     Having reviewed the motions and related papers, the Court finds

4  the aforementioned motions pending before this Court suitable for

5  resolution on the papers without oral argument, in accordance with

6  Local Rule 7.1.d.1.

7  **<u>Analysis</u>**

8  **<u>A.</u>   <u>Defendant's Motions for Contempt and Sanctions Against</u>**

9  **<u>Plaintiff and CE [ECF Nos. 203, 204]</u>**

10    <u>I.</u>    <u>Procedural History for Motions for Contempt and Sanctions</u>

11    On September 8, 2014, Defendant moved the Court for orders

12  finding Plaintiff and third party CE in violation of discovery orders

13  issued by Judge Burkhardt on July 3, 2014 as ECF Nos. 186 and 187.

14  (ECF Nos. 203, 204).  On September 21, 2014, this Court issued an

15  order requiring Defendant to serve third party CE with proper notice of

16  this motion.  (ECF No. 205).  Defendant did so, and filed a certificate of

17  service with the Court.  (ECF No. 206).  Plaintiff and CE each filed their

18  oppositions on September 29, 2014.  (ECF Nos. 207, 208).  On October 6,

19  2014, Defendant filed a combined reply.  (ECF No. 212).

12cv2884-BAS (MDD)

1    Defendant asserts that Plaintiff and CE both violated Judge

2  Burkhardt's July 3, 2014 Orders requiring Plaintiff and CE to produce

3  financial documents by August 4, 2014.  (ECF Nos. 203, 204).  Judge

4  Burkhardt's Orders explain that "the Court must consider Plaintiff's

5  operative pleading – the FAC," and note:

6          Plaintiff alleges in its FAC that "Defendants'
         unauthorized use of the HME marks is causing
7          irreparable harm to [Plaintiff] by… diverting sales away
         from [Plaintiff] and its authorized dealers and
8          distributors."  (ECF No. 156 at ¶ 16.)  Further, Plaintiff
         alleges, "Defendants' unauthorized use of the HME
9          marks is causing irreparable harm to [Plaintiff] by
         diverting service revenues away from [Plaintiff] and its
10         authorized repair centers."  (ECF No. 156 at ¶ 19.)
         Additionally, Plaintiff's FAC contains a cause of action
11         for Intentional Interference with Prospective Economic
         Advantage (Sixth Cause of Action), as part of which
12         Plaintiff alleges, "Defendants did disrupt existing and
         prospective business relationships between [Plaintiff]
13         and its customers and contacts in the quick service
         restaurant industry [and]… [Plaintiff] has been
14         damaged in an amount to be established according to
         proof at trial."  (ECF No. 156 at ¶ 71.)

15
   (ECF No. 186 at 15-16; ECF No. 187 at 16-17 (varies slightly)).  Judge
16
   Burkhardt ordered:
17
           So long as Plaintiff's operative pleading contains
18         causes of action and allegations that put Plaintiff's
         finances at issue, and so long as Plaintiff has not, in any
19         binding way, limited its measure of damages to the

11

1

2

3

4

5

6

> disgorgement of Defendant's profits, Plaintiff's and CE's financial documents are relevant to an extent.  The Court is sensitive to the fact that CE is a third party.  However, CE is responsible for the large majority, if not all, of the repair and maintenance work for Plaintiff's headset products.  And again, the Court notes that there is a Protective Order already in place.  (ECF No. 58.)  If the Parties feel that the Protective Order is inadequate, they are free to seek amendment.  Accordingly, Defendant's Motion to Compel to **GRANTED** as to Request Nos. 35-37 and 39.

7   (ECF No. 187 at 16:27-28, 17:9-17).[2]  The Orders require Plaintiff and

8   CE to produce the documents by August 4, 2014.  (ECF Nos. 186 at

9   17:13-14, 187 at 18:11-12).

10          According to Defendant, Plaintiff has not produced the documents

11  responsive to requests 119 and 120, and CE has not produced the

12  financial records responsive to requests 35, 36, and 37.  (ECF No. 204-1

13  at 7:18-27).  Defendant requests that Plaintiff and CE be found in

14  contempt of court, each be ordered to pay a per diem fine of $1,000

15  payable immediately to the Court for each day Plaintiff and CE fail to

16  comply with Judge Burkhardt's Orders, and that Defendant be awarded

17  _____

18  [2] The order directed at Plaintiff uses almost identical language as the one directed at CE, but requires Plaintiff to produce documents responsive to Requests Nos. 119 and 120.  (ECF No. 186 at 15:23-24,

19  16:11-17).  The order directed at CE omits the reference to paragraph 19 of the FAC.

12cv2884-BAS (MDD)

1   its fees and costs in bringing these motions in the amount of $11,350

2   ($8,875 for motion against Plaintiff, $2,475 for motion against CE).

3   (ECF No. 212 at 11).

4        Plaintiff and CE each assert that they are in full compliance with

5   Judge Burkhardt's Orders.  (ECF No. 208 at 6:6-16, 10:16-12:7).

6   Plaintiff and CE have not produced the financial documents.[3]  (*Id.*).

7   Instead, Plaintiff and CE argue that they were excused from producing

8   the financial documents by Plaintiff's proposal of a Second Amended

9   Complaint ("SAC") and Plaintiff's election of disgorgement of

10   Defendant's profits as a remedy.  (*Id.*).  Plaintiff and CE claim that

11   Judge Burkhardt's Orders were conditional, and excused them from

12   producing financial documents "if HME amended its operative pleading

13   to remove the causes of action and allegations identified by Judge

14   Burkhardt as placing HME's and CE's finances at issue, and

15   unequivocally elected Defendants' profits as HME's exclusive measure

16

17   [3] Plaintiff and CE also do not contest that each of them was served with
     the demands/subpoena, do not contest the validity of Judge Burkhardt's
18   Orders, and do not contend that either of them was unable to comply
     with Judge Burkhardt's Orders.  Accordingly, the Court hereby finds
     that Plaintiff and CE were served with the demands/subpoena, that
19   Judge Burkhardt's Orders are valid, and that Plaintiff and CE were
     able to comply with the Orders.

12cv2884-BAS (MDD)

1   of damages." (*Id*. at 11:2-6). Plaintiff and CE contend that Plaintiff

2   followed both directives (amend complaint, and damages election).

3   (ECF No. 207 at 12-13; ECF No. 208 at 6, 8-9; ECF No. 203-7 at 3).

4   Plaintiff and CE argue in the alternative that even if they violated the

5   Orders, they cannot be held in contempt because their interpretations of

6   the Orders are reasonable, and they took all reasonable steps within

7   their power to comply. (*Id*. at 6:6-16, 10:16-12:7).

8          Defendant counters that the FAC remains the operative

9   complaint, and that Plaintiff and CE were not excused from their duties

10  to produce documents by the mere proposal of the SAC. (ECF No. 204-1

11  at 9-10). Defendant also contends that Plaintiff and CE would still be

12  violating Judge Burkhardt's Orders even if Plaintiff had filed the

13  proposed SAC, because the SAC still includes causes of action and

14  allegations that put Plaintiff's and CE's finances at issue. (*Id*. at 10-14).

15  Defendant asserts that it is prejudiced by every passing day of

16  Plaintiff's and CE's failure to comply, because the documents are crucial

17  to Defendant's defense and trial is fast approaching. (*Id*. at 15:1-6).

18

19

1    II.    <u>Standard</u>

2        A magistrate judge has authority to impose discovery sanctions.

3    *See Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir.

4    1991).  Rules 37 and 45 authorize the court to impose a wide range of

5    sanctions when a party or nonparty fails to comply with the rules of

6    discovery or with court orders enforcing those rules.  *Wyle v. R.J.*

7    *Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citing *Nat'l*

8    *Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) and

9    *U.S. v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir.

10   1980)).

11       Rule 37(b)(2)(D) provides for civil contempt instead of, or in

12   addition to, other sanctions.  Fed. R. Civ. P. 37(b)(2)(D).  Magistrate

13   judges themselves do not have authority to make any findings of

14   contempt, so must certify their findings to the district judge.  28 U.S.C.

15   § 636(e); *Bingman v. Ward*, 100 F.3d 653, 656–657 (9th Cir. 1996).[4]

16

17   ─────────────────

18   [4] The Ninth Circuit has ruled that magistrate judges may impose
     prospective coercive sanctions pursuant to Rule 37 to compel
     compliance with a valid discovery order where such sanctions are not

19   imposed through a finding of contempt.  *Grimes v. City & Cnty. of San*
     *Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).  Since this Court has not

15

1    III.   Analysis

2    Plaintiff and CE

3        "interpreted Judge Burkhardt's order as providing
     [Plaintiff and] CE with two options, depending on what
4    HME elected to with its operative pleading: (1) if HME
     chose not to amend its operative pleading, the First
5    Amended Complaint, [Plaintiff and] CE would be
     required to produce documents …, (2) if HME amended
6    its operative pleading to remove the cause of action and
     allegations identified by Judge Burkhardt as placing
7    HME's and CE's finances at issue, and unequivocally
     elected Defendants' profits as HME's exclusive measure
8    of damages, [Plaintiff and] CE would not be required to
     produce documents …."

9

10   (ECF Nos. 207 at 12:13-20, 208 at 10:26-11:6) (emphasis omitted).

11   Accepting, for the moment, Plaintiff's and CE's interpretation of Judge

12   Burkhardt's Orders as correct, the Court nevertheless finds that

13   Plaintiff and CE have not taken "all reasonable steps" to comply with

14   the Orders.

15        Plaintiff and CE have not performed either option.  Plaintiff and

16   CE readily admit they did not produce the documents (option 1).  (ECF

17   Nos. 207 at 9:19, 208 at 8:1-2).  And Plaintiff did not amend its

18   _____

19   found any instance of a magistrate judge in this District exercising this
     authority, this Court is certifying its findings to the district judge.

16

1   operative complaint as necessary to excuse it and CE from producing

2   the financial documents (option 2).  Plaintiff prepared the SAC

3   removing the causes of action and allegations, and sought and obtained

4   Defendants' agreement to file the SAC.  But Plaintiff has not filed the

5   SAC.  As a result, the FAC is still the operative complaint, and Plaintiff

6   has not "amended its operative pleading to remove the cause of action

7   and allegations identified by Judge Burkhardt as placing HME's and

8   CE's finances at issue."

9        The importance of actually amending the complaint (as opposed to

10   merely proposing to do so) is revealed by a statement Plaintiff made to

11   Defendant in meet and confer letter.  Plaintiff wrote, "I do wish to point

12   out that to the extent RFT is able to persuade Judge Dembin that HME

13   and CE should produce the financial documents at issue, HME will no

14   longer be willing to withdraw its interference claim and the request for

15   punitive damages that goes with it."  (ECF No. 203-8 at 2).  Plaintiff has

16   *not* irrevocably withdrawn the intentional interference cause of action.

17        As Judge Burkhardt alluded in her Orders, the interference cause

18   of action puts Plaintiff's and CE's finances at issue because economic

19   harm is an element of the interference claim.  *Youst v. Longo*, 43 Cal. 3d

12cv2884-BAS (MDD)

1  64, 71, n.6 (1987); (ECF Nos. 186 at 16:5-8; 187 at 17:5-8) (noting FAC

2  allegation that "[Plaintiff] has been damaged in an amount to be

3  established according to proof at trial.").  In short, Plaintiff's operative

4  pleading is the very same FAC that Judge Burkhardt considered, and

5  still contains the very same causes of action and allegations that Judge

6  Burkhardt found put Plaintiff's and CE's finances at issue.  Accordingly,

7  Plaintiff and CE have not made all reasonable efforts to comply with

8  Judge Burkhardt's Orders even applying their interpretation.  Even by

9  their own standards, Plaintiff and CE are in violation of the Orders.

10        Further, the Court finds that Judge Burkhardt's Orders are not

11  quite as limited as Plaintiff and CE contend.  Plaintiff and CE assert

12  that they only had to eliminate the allegations and cause of action

13  *specifically identified* by Judge Burkhardt in her Orders.  Judge

14  Burkhardt's Orders more broadly state that Plaintiff's and CE's

15  finances are relevant "[s]o long as the operative complaint contains

16  causes of action and allegations that put Plaintiff's finances at issue."

17  Judge Burkhardt's identification of allegations and the interference

18  cause of action are set forth as examples—not as an exhaustive list.

19

12cv2884-BAS (MDD)

1    Indeed, the FAC itself contains other causes of action not specified

2    by Judge Burkhardt that put Plaintiff's financial documents at issue.

3    Plaintiff's unfair competition claims both require Plaintiff to prove

4    economic injury as an element of standing.  Cal. Bus. & Prof. Code §

5    17204; *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011);

6    *Allergan, Inc. v. Athena Cosmetics, Inc.*, 640 F.3d 1377, 1382 (Fed. Cir.

7    2011) (applying *Kwikset* in federal action to find plaintiff adequately

8    alleged standing for unfair competition claims by alleging "lost sales,

9    revenue, market share, and asset value.").  Judge Burkhardt's Orders

10   unambiguously require Plaintiff and CE to produce the financial

11   documents at issue if the operative complaint contains *any* causes of

12   action or allegations that put the finances at issue, not just those listed

13   in her Orders.

14    This Court also considered whether Plaintiff and CE complied

15   with the spirit of the Orders by operation of Plaintiff's binding election[5]

16   of the disgorgement of Defendant's profits as the sole measure of

17   Plaintiff's damages.  The essence of Judge Burkhardt's Orders is that

18   _____

19   [5] The parties assert that Plaintiff's election was in a binding manner.
     The Court does not consider or decide whether the election was
     irrevocable.

1   Plaintiff and CE must produce the financial documents if Plaintiff has

2   put its finances at issue by alleging economic harm or seeking a remedy

3   that requires a showing of economic harm.  Even if the Court were to

4   conclude that Plaintiff has irrevocably elected disgorgement of

5   Defendant's profits as the only remedy for all of the causes of action in

6   the operative complaint, Plaintiff still must prove economic harm to

7   prevail on its interference and unfair competition claims.

8           In addition, Plaintiff's election to disgorge Defendant's profits

9   cannot be extended to the unfair competition claims, because

10  "[n]onrestitutionary disgorgement of profits is not an available remedy

11  in an individual action under the UCL." *AngioScore, Inc. v. TriReme*

12  *Medical, LLC*, ___ F. Supp. 3d __, No. 12-CV-3393 YGR, 2014 WL

13  4438082 *8 and n.6 (N.D. Cal. Sept. 9, 2014) (quoting *Korea Supply Co.*

14  *v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1152 (2003)).  A subset of

15  disgorgement of profits known as "restitutionary disgorgement of

16  profits" is available on the unfair competition claims.  *Korea Supply Co.*,

17  29 Cal. 4th at 1150-1152.  But restitutionary disgorgement puts

18  Plaintiff's and CE's finances at issue because that remedy requires a

19  showing that the disgorged profits came from the Plaintiff's money or

20

1  property in the first place.  *Id*.  Defendant intends to defend on the

2  basis that Defendant's profits cannot be traced back to Plaintiff, but to

3  CE, which Defendant claims handles repairs of Plaintiff's products.

4  Although Defendant may not be able to prove this point at trial,

5  Defendant is entitled to discovery relating to it.

6         In sum, Plaintiff's election of damages does not eliminate the need

7  for Plaintiff to show economic harm as an element of the interference

8  and unfair competition claims.  Moreover, to the extent it can be applied

9  as a damages election on the unfair competition claims, the election

10  actually puts Plaintiff's and CE's finances at issue.  If Plaintiff

11  intended, through the damages election, to remove all of the parts of the

12  operative complaint that put its finances at issue, it has not done so.

13  Plaintiff and CE have not complied with the letter nor the spirit of

14  Judge Burkhardt's Orders, and their intent is irrelevant.  Plaintiff's

15  damages election does not absolve Plaintiff and CE of the duty to

16  produce documents.

17         Since Plaintiff has not eliminated the allegations that render the

18  financial information relevant, Plaintiff and CE were required to

19  produce the financial documents by August 4, 2014.  Consequently,

12cv2884-BAS (MDD)

1  Plaintiff violated the Order at ECF No. 186, and CE violated the Order

2  at ECF No. 187.[6]

3      This Court declines the parties' invitation to rule prospectively on

4  the issue of whether Plaintiff and CE will still be in violation of Judge

5  Burkhardt's Orders if Plaintiff eventually files the proposed SAC.  That

6  issue is not before this Court because Plaintiff has not filed the

7  proposed SAC.  For the same reason, the Court declines to render a

8  finding as to whether Plaintiff's and CE's finances were placed at issue

9  by circumstances not addressed in Judge Burkhardt's Orders (e.g.,

10  Plaintiff's marketing expert's report).

11      Sanctions are warranted here, because Plaintiff and CE failed to

12  comply with Judge Burkhardt's Orders without substantial justification

13  or exceptional circumstances.  Fed. R. Civ. P. 37(b)(2)(A)(vii) and (B).  In

14  _____

15  [6] Plaintiff asserts that Defendant's true motive in seeking its
    "competitively sensitive" financial statements is to harass Plaintiff,
16  and/or to "paint a David and Goliath picture at trial to appeal to the
    jury's sympathies."  (ECF Nos. 207 at 6:16-23, 208 at 6:17-22).
17  Plaintiff's concerns about producing the "competitively sensitive"
    financial information are addressed by the Protective Order permitting
    Attorneys' Eyes Only designation.  Plaintiff's concern about harassment
18  is not supported by the record.  Finally, this Court is confident that
    District Judge Bashant has sufficient mastery of the rules of evidence
19  and her courtroom to prevent Defendant from misusing the Court's
    processes to gain unfair advantage.

22

12cv2884-BAS (MDD)

1   addition to any other sanctions imposed, a magistrate judge "must order

2   the disobedient party, the attorney advising that party, or both to pay

3   the reasonable expenses, including attorney's fees, caused by the

4   failure, unless the failure was substantially justified or other

5   circumstances make an award of expenses unjust."  Fed. R. Civ. P.

6   37(b)(2)(C).

7        Defendants' motions are **GRANTED**.  It is this Court's opinion

8   that prospective, coercive fines should be imposed against Plaintiff and

9   CE until they are in compliance with the Orders at issue.  Accordingly,

10  by separate order this Court is submitting a Report and

11  Recommendation to the District Judge certifying facts re civil contempt.

12  In addition, Plaintiff and its attorneys, jointly and severally, are

13  **ORDERED** to pay Defendant's reasonably incurred fees necessitated

14  by bringing the motion against Plaintiff in the amount of $8,875.

15  Likewise, CE and its attorneys, jointly and severally, are also

16  **ORDERED** to pay Defendant's reasonably incurred fees necessitated

17  by bringing the motion against CE in the amount of $2,475.

18

19

12cv2884-BAS (MDD)

**B. Joint Motion re Discovery of Plaintiff's Records [ECF No. 209]**

I.     Procedural History

In the Joint Motion for Determination of Discovery Dispute, Defendant R.F. Technologies, Inc. seeks to compel Plaintiff to produce (1) financial documents, (2) documents that support anticipated expert testimony of Plaintiff's employee Karen Robinson, (3) communications between Plaintiff and third parties regarding "the reliability, durability, comfort, safety or quality" of Plaintiff's headset products, and (4) documents concerning failures or perceived failures of Plaintiff's product.  (ECF No. 209).  The Court addresses each category of documents separately.

II.     Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  In addition, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  *Id.*  Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of

24

1  admissible evidence," and need not be admissible at trial to be

2  discoverable.  *Id.*  There is generally no requirement that the

3  information sought by a party directly relate to a particular issue in the

4  case.  Rather, relevance encompasses any matter that "bears on," or

5  could reasonably lead to matter that could bear on, any issue that is or

6  may be present in the case.  *Oppenheimer Fund, Inc. v. Sanders*, 437

7  U.S. 340, 351 (1978).  District courts have broad discretion to determine

8  relevancy for discovery purposes.  *Hallett v. Morgan*, 296 F.3d 732, 751

9  (9th Cir. 2002).  Similarly, district courts have broad discretion to limit

10  discovery where the discovery sought is "unreasonably cumulative or

11  duplicative, or can be obtained from some other source that is more

12  convenient, less burdensome, or less expensive."  Fed. R. Civ. P.

13  26(b)(2)(c). Limits should also be imposed where the burden or expense

14  outweighs the likely benefits.  *Id.*

15      III.  <u>Analysis</u>

16          a.  <u>Financial Documents (Requests 133-135)</u>

17      Requests Nos. 133-135 seek Plaintiff's general ledger from

18  January 1, 2008 to the present, Plaintiff's sales register for repair and

19  refurbishment of its headsets for the same time period, and documents

12cv2884-BAS (MDD)

1    showing Plaintiff's revenue derived from repair and refurbishment of its

2    headsets, also from January 1, 2008 to the present.  (ECF No. 209 at 2-

3    22).  Plaintiff objects that the financial documents are not relevant, that

4    the requests are vague, ambiguous, overbroad as to time and scope, and

5    contain confidential trade secret information.

6        Defendant contends that Plaintiff's confidential trade secret

7    objection is boilerplate and not supported by a privilege log.  Defendant

8    also contends that the vague, ambiguous, and overbroad objections are

9    improper boilerplate objections that are "tantamount to not making any

10   objection at all."  Defendant acknowledges that Plaintiff is seeking

11   damages in the form of Defendant's lost profits instead of seeking

12   Plaintiff's own lost profits for one of its claims, but nevertheless

13   contends the financial documents are relevant to determine Plaintiff's

14   damages.

15       Absent from the parties' briefs is any substantive discussion about

16   the impact of Judge Burkhardt's July 3, 2014 Order (finding relevant

17   and discoverable other requests for Plaintiff's financial documents).[7]

18   _____

19   [7] Both parties briefly mention Judge Burkhardt's Order in their
     memoranda, but ignore it in the joint statement.

12cv2884-BAS (MDD)

1    Even though the FAC is still the operative complaint, the parties seem

2    to agree that Plaintiff has elected disgorgement of Defendant's profits in

3    some unspecified binding manner.  The joint motion inexplicably

4    assumes that, as a result of Plaintiff's damages election, the FAC and

5    Judge Burkhardt's Order have no bearing on these requests for

6    financial documents.  The Court disagrees with that assumption.

7         The Court has compared the requests at issue here (Requests Nos.

8    133-135) with the requests for financial documents at issue in Judge

9    Burkhardt's July 3, 2014 Order (Requests Nos. 119 and 120, seeking

10   income statements and balance sheets from January 1, 2008 to the

11   present).  At least for the purpose of determining the relevancy of the

12   requests to this action, there are no material differences between

13   Requests 119 and 120 and Requests 133-135.

14        The Court has also reviewed the briefs the parties filed with

15   respect to the motion to compel Requests 119 and 120.  Although the

16   parties have developed more nuanced and interesting arguments this

17   time around, the thrust of Plaintiff's argument now is the same as in

18   the previous motion.  In both motions, Plaintiff's relevancy objection is

19   grounded on the premise that because Plaintiff is not seeking its own

27

12cv2884-BAS (MDD)

1   lost profits as damages, its financial information is irrelevant and not

2   discoverable.  In both motions, Plaintiff's relevancy objection fails to

3   account for the fact that the FAC is the operative complaint.

4        The Court agrees with the reasoning of Judge Burkhardt's July 3,

5   2014 Order, and declines to issue an inconsistent ruling on these

6   similar requests.  Accordingly, the Court adopts Judge Burkhardt's

7   Order, and tailors it to these requests:

8        As to Requests Nos. 133-135, although Plaintiff objects on

9   relevance grounds based upon Plaintiff's position that it is not seeking

10  damages in the form of lost profits, the Court must consider Plaintiff's

11  operative pleading - the FAC.  Plaintiff alleges in its FAC that

12  "Defendants' unauthorized use of the HME marks is causing

13  irreparable harm to [Plaintiff] by . . . diverting sales away from

14  [Plaintiff] and its authorized dealers and distributors."  (ECF No. 156 at

15  ¶ 16).  Further, Plaintiff alleges, "Defendants' unauthorized use of the

16  HME marks is causing irreparable harm to [Plaintiff] by diverting

17  service revenues away from [Plaintiff] and its authorized repair

18  centers."  (ECF No. 156 at ¶ 19).  Additionally, Plaintiff's FAC contains

19  a cause of action for Intentional Interference with Prospective Economic

12cv2884-BAS (MDD)

1   Advantage (Sixth Cause of Action), which requires Plaintiff to prove

2   economic harm.   (ECF No. 156 at ¶ 71); CACI 2202; *Youst v. Longo*, 43

3   Cal. 3d 64, 71, n.6 (1987).  Plaintiff's FAC also includes unfair

4   competition claims (Fourth and Seventh Causes of Action), both of

5   which require Plaintiff to prove economic injury as an element of

6   standing.  (ECF NO. 156 at ¶¶ 59-61, 74-76).

7        Thus, Plaintiff's financial documents are relevant.  Furthermore,

8   there is a Protective Order already in place. (ECF No. 58).  If the

9   Parties feel that the Protective Order is inadequate, they are free to

10   seek amendment.  The Court declines to offer an advisory opinion as to

11   whether these financial documents would be relevant if the

12   disgorgement of Defendant's profits were the only issue in the case.

13   Accordingly, the Joint Motion for Discovery Dispute is **GRANTED** as to

14   Defendant's motion to compel Plaintiff to produce documents responsive

15   to Requests Nos. 133-135.  Plaintiff shall produce these documents

16   within 10 business days of the issuance of this Order.

17

18

19

*12cv2884-BAS (MDD)*

**b.** <u>Documents re Karen Robinson Testimony</u>

**i.** <u>Nos. 136-138, 142-44, 151-152</u>

Requests 136-138, 142-144, and 151-152 seek documents that support (or "may establish") Plaintiff's opinion that Defendant's redesigned components for use on Plaintiff's headsets and belt-pac are inferior to Plaintiff's original components. (*See e.g.*, ECF No. 209 at 31). In their briefs, the parties clarify that these requests are directed towards documents relied upon by Plaintiff's employee and expert, Karen Robinson. (*Id.* at 33; ECF No. 209-1 at 5:5-6). Plaintiff asserts boilerplate objections[8] and then responds that it will produce any such nonprivileged documents as part of Ms. Robinson's expert file in connection with her deposition. (ECF No. 209 at 31:21-25). In the motion, Plaintiff supplements this objection by explaining that Plaintiff served responsive documents relied on by Ms. Robinson on September 23, 2014, and produced a privilege log identifying any withheld documents. (*Id.* at 34:7).

---

[8] Defendant correctly asserts that the generalized, boilerplate objections are without merit. *See e.g. Walker v. Lakewood Condominium Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999). Unless otherwise stated in this Order, those objections are overruled as to all of the requests at issue.

12cv2884-BAS (MDD)

1    If indeed Plaintiff produced all of the responsive documents, the

2    dispute about this request was moot before it was filed.  Even though

3    Defendant filed this motion after the production of the documents and

4    privilege log, Defendant does not acknowledge the production or log in

5    its papers.  While Defendant's decision to file the motion after receiving

6    these suggests Defendant disputes the adequacy of Plaintiff's

7    production, Defendant provides no explanation for the continued

8    dispute.  It is not the Court's duty to sort through discovery demands to

9    find potential inadequacies.  To the extent the Defendant is challenging

10   the adequacy of the production on the grounds that Plaintiff should

11   have produced documents that *undermine* Ms. Robinson's opinions in

12   addition to those that *support* her opinions, the Court disagrees.  These

13   requests, as worded, plainly call for documents that "support" or "may

14   establish" Plaintiff's position.  Additionally, Defendant makes no

15   showing that Plaintiff improperly withheld any responsive documents

16   from its September 23, 2014 production.  Accordingly, the Joint Motion

17   is **DENIED** to the extent it calls for further production of documents to

18   Request Nos. 136-138, 142-144, and 151-152.

19

12cv2884-BAS (MDD)

ii. <u>Nos. 141, 148-150</u>

Request 141 calls for documents concerning Plaintiff's inspection of headsets that were repaired by Defendant and returned to Plaintiff in 2013 and 2014.  (ECF No. 209 at 42).  Requests 148 and 149 call for documents concerning Plaintiff's testing of Plaintiff's products repaired by Defendants in 2011, including serial numbers of the products.  (*Id*. at 57, 60).  Request 150 seeks documents showing Plaintiff's standard qualification procedures, which Plaintiff used to test products repaired by Defendants.  (*Id*. at 63).

Plaintiff asserts the same objections and the same explanation (that it will produce responsive documents relied on by Karen Robinson in her expert report in connection with her deposition) as it asserts in response to Requests 136-138, 142-144, and 151-152.  Defendant offers the same rebuttal.  And, as before, Plaintiff supplements the objections by explaining that it produced "responsive documents relied on by Mrs. Robinson in connection with her anticipated testimony" and provided a privilege log.  (*Id*. at 44:28-45:6).  Defendant also does not acknowledge the document and privilege log production with respect to these requests.

1    As before, the Court can only infer what remains of the dispute

2    after Plaintiff's production, given Defendant's failure to explain how the

3    production allegedly remains inadequate.  It appears the issue may be

4    that Plaintiff produced only responsive documents that Ms. Robinson

5    relied on.  (*Id.* at 63:18-19; ECF No. 209-2 at 7).  Because the requests

6    in this instance were not limited to documents that support Plaintiff,

7    these requests require Plaintiff to produce documents that *undermine*

8    Plaintiff, as well as those that support Plaintiff.  To avoid undue burden

9    to Plaintiff, and because the parties seem to agree that these requests

10   are limited to documents pertaining to Mrs. Robinson, Plaintiff's

11   obligation to produce responsive documents that are not supportive of

12   its position extends only to those documents reviewed or readily

13   available to Mrs. Robinson in her duties as an employee or that she

14   reviewed in connection with her expert report.

15       Plaintiff also argues that producing any documents besides those

16   already produced is overbroad and unduly burdensome, because

17   Plaintiff inspects and reviews every product that it repairs.  In support

18   of this argument, Plaintiff points to Judge Burkhardt's July 3, 2014

19   Order.  (ECF No. 186).  Plaintiff's reliance on Judge Burkhardt's Order

12cv2884-BAS (MDD)

as a shield to producing these documents is misplaced.  Judge

Burkhardt found the prior requests overbroad and burdensome because

they sought *all* documents relating to Plaintiff's repairs and inspections

for a six year period.  (*Id.* at 10:19-12:13).  Unlike those requests, the

ones at issue here are limited to shorter time periods and to products

that passed through Defendant's hands.  Judge Burkhardt's Order

contemplates that Defendant could make new, more tailored demands.

(*See* ECF No. 186 at 11:7-12:13).  Judge Burkhardt's Order does not

preclude the requests at issue here.

Although Defendant does not dispute that Plaintiff provided

responsive documents, it is not clear from the record whether Plaintiff

provided all responsive documents or only those that supported

Plaintiff's or its experts opinions.  These requests, unlike the earlier

ones, are not limited to documents that support Plaintiff's position.  The

requests seek the documents regardless of whether Plaintiff or its

expert relied on them.  The Joint Motion is hereby **GRANTED IN**

**PART** to the extent it seeks to compel production as to Requests Nos.

141, 148-150.  To the extent that Plaintiff withheld documents because

1  they did not support Mrs. Robinson's opinions, it must now do so within

2  10 business days of the issuance of this Order.

3      c.  Documents re Product Communications (Requests 155-156)

4      Requests 155 and 156 seek all communications between Plaintiff

5  "and any third party regarding the reliability, durability, comfort,

6  safety or quality" of Plaintiff's HS6000 and COM6000 headsets from

7  January 1, 2008 to the present.  (ECF No. 209 at 74, 78).  Plaintiff

8  objects on the following grounds: relevancy, vague, ambiguous,

9  overbroad as to time and scope, confidential and proprietary trade

10  secret information, attorney-client privilege, and work product doctrine.

11  With respect to the COM6000 headsets, Plaintiff explains that this type

12  of headset is wired, and thus not at issue in this lawsuit.  (*Id.* at 78).

13  With respect to both requests, Plaintiff emphasizes that this request

14  calls for "virtually every communication HME has with its customer or

15  potential customers."  (*Id.* at 74, 78).

16      According to Defendants, the requested documents are relevant to

17  its defense against Plaintiff's trade libel claim.  (*Id.* at 75).  Defendant

18  intends to defend on the basis that their products are more durable that

19  Plaintiff's, and therefore they did not engage in trade libel.  Defendant

12cv2884-BAS (MDD)

explains, "[t]here could be communications whereby HME disparages

RFT's products for the purposes of convincing a customer to use HME

rather than RFT—indicating that HME  is also guilty of trade libel and

unfair competition." (*Id*.).  Defendant further explains that "the

communications may reveal that there is no confusion in the relevant

market as to the differences between HME and RFT," such as an email

that may reveal a customer was not confused.  (*Id*.).  Defendant

contends that since it is unclear what exists in the communications,

they all must be produced.  (*Id*.).

In response, Plaintiff argues that "He did it too" is not a proper

defense to a trade libel claim, so it is irrelevant if Plaintiff libeled

Defendant's products.  (ECF No. 209 at 76).  Plaintiff concedes that

Defendants may be attempting to state an unclean hands equitable

defense.  But, Plaintiff asserts, the unclean hands defense is only

available where the alleged misconduct by the plaintiff relates directly

to the defendant's alleged misconduct.  *Hendricks v. AT&T Mobility*,

LLC, 823 F. Supp. 2d 1015 (N.D. Cal. 2011).  Indeed, Defendant fails to

show that the speculated trade libel by Plaintiff is directly related to

12cv2884-BAS (MDD)

Plaintiff's allegations of trade libel by Defendant.  Defendant has not

met its burden to show relevancy on this theory.

Plaintiff also counters Defendant's assertion that the documents

are relevant to a "lack of confusion" defense.  (*Id.* 77).  Rather than

insisting that this subset of the documents are irrelevant, Plaintiff

argues that this subset of documents have already been produced in

response to another request, which demanded all communications by

Plaintiff with third parties regarding Defendant.  (*Id.*).  Defendant does

not attempt to distinguish the scope of the prior request or argue that

the prior production is insufficient.  To the extent this request seeks an

email or other communication where a third party shows they know the

difference between Plaintiff and Defendant, the Court finds this request

is cumulative of the earlier request.  (*Id.*).

In short, Defendant has failed to meet its relevancy burden.

Defendant has not filed a counterclaim for trade libel, and Defendant

has not shown that Plaintiff's hypothetical trade libel of Defendant's

products is relevant to any of Defendant's defenses.  And, to the extent

the request seeks documents showing lack of confusion, the request is

37

cumulative of the earlier request for documents between Plaintiff and third parties about Defendant.

Furthermore, the Court agrees that these requests are facially overbroad.  Requiring Plaintiff to produce all documents responsive to these requests would only result in Plaintiff dumping a massive, partially cumulative, and largely irrelevant document production on Defendant's doorstep.  A dispute about being sandbagged, or about the inadequacy of the production, is likely to follow any such "document dump."  Requiring production would also drive up the costs of document review for both parties.  Accordingly, the Joint Motion is **DENIED** to the extent it seeks to compel production as to Requests 155 and 156.

### d. Documents re Product Failures (Request 158)

Request 158 seeks documents "concerning any failures or perceived failures of the ION IQ product that is the subject of" Plaintiff's trade libel claim.  (ECF No. 209 at 80).  Plaintiff objects to the request as duplicative of requests 18, 19, 21, and 23, which have already been satisfied.  (*Id.* at 81).  Plaintiff also objects on the following grounds: relevancy, vague, ambiguous, overbroad as to time and scope,

1  confidential trade secrets, attorney-client privilege, and work product

2  doctrine.  (*Id*.).

3       Defendant argues that Judge Burkhardt's Order does not apply to

4  this request because it is more narrowly tailored than the requests she

5  rejected as overbroad.  (*Id*. at 82).  Defendant also argues that another

6  document Plaintiff produced shows Plaintiff tracks the information

7  sought in this request, so it is not overbroad or unduly burdensome for

8  Plaintiff to produce the requested documents.  (*Id*.).  Defendant also

9  rebuts Plaintiff's boilerplate objections. (*Id*.).  Plaintiff responds that the

10  terms "failures" and "perceived failures" are incurably vague, but

11  reports that it has now produced responsive documents and "HME has

12  no further reports that document ION IQ 'failures.'"  (*Id*. at 84).

13  Defendant does not identify, and the Court is not able to discern, how

14  the production is allegedly deficient.  As a result, the Court **DENIES**

15  the Joint Motion to the extent Defendant seeks to compel further

16  production to Request No. 158.

17

18

19

12cv2884-BAS (MDD)

**C. Plaintiff's Motion re Violation of Protective Order [ECF Nos. 217, 219, 225]**

    I.    Procedural History

On December 6, 2013, the court entered the stipulated Protective Order in this matter.  (ECF No. 58).  On November 7, 2014, Plaintiff filed an Ex Parte Motion to Specially Set Conference to Address Defendants' Violation of Stipulated Protective Order.  (ECF No. 219). Concurrently, Plaintiff filed a Motion to File Documents Under Seal. (ECF No. 217).  Plaintiff electronically lodged the proposed sealed documents provisionally under seal.  (ECF No. 218).  On November 11, 2014, Defendants filed their opposition to Plaintiff's Ex Parte Motion. (ECF No. 227).  Concurrently, Defendants filed their Motion to File Documents Under Seal.  (ECF No. 225).  Defendants electronically lodged the proposed sealed documents provisionally under seal.  (ECF No. 226).  Plaintiff filed its reply in support of its motion to address the alleged violation of the Protective Order on November 13, 2014.  (ECF No. 230).

40

II.   <u>Analysis</u>

    a.  <u>Plaintiff's Motion to Seal [ECF No. 217]</u>

Plaintiff seeks to seal Defendants' Notice of Intent to Serve Subpoena on third party Gyro, an email from Defendants' attorney O'Leary to Gyro and the attachment to that email, which consists of portions of Plaintiff's expert's report that are designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order, and Plaintiff's attorney's declaration discussing these documents.  (ECF No. 225).  After reviewing the documents in question, the Court concludes that good cause exists to seal the documents.  Accordingly, Plaintiff's Motion to File Documents Under Seal is **GRANTED**.

    b.  <u>Defendants' Motion to Seal [ECF No. 225]</u>

Defendants seek to seal an email from Defendants' attorney O'Leary to Gyro and the attachment to that email, which consists of portions of Plaintiff's expert's report that are designated as "Highly Confidential—Attorneys Eyes Only" under the Protective Order.  (ECF No. 225).  After reviewing the documents in question, the Court concludes that good cause exists to seal the documents.  Accordingly, Defendants' Motion to File Documents Under Seal is **GRANTED**.

41

12cv2884-BAS (MDD)

c.  Motion re Violation of Protective Order [ECF No. 219]

Plaintiff contends that Defendants violated the Protective Order by sending portions of the report prepared by Plaintiff's expert, Patrick Kennedy, Ph.D., to a third party known as Gyro.  (ECF Nos. 219 at 2-4; 218 at Exhs. 2, 3).  Plaintiff explains that it obtained an estimate for a corrective advertising campaign to mitigate the harm Defendants caused to Plaintiff, and that Dr. Kennedy incorporated Gyro's estimate into his expert report as an element of damages in this case.  (ECF No. 219 at 3).  Defendants then subpoenaed Gyro for a deposition relating to the corrective advertising campaign estimate.  (*Id*.; ECF No. 218 at Exh. 1).  While arranging the logistics of Gyro's deposition, Defendants emailed Gyro a portion of the Kennedy Report after redacting information the *Defendants* had designated as confidential but not the information that *Plaintiff* had designated as confidential.  (ECF No. 219 at 3).  Plaintiff contends that the unredacted portions show not only Gyro's estimate, but also a separate damage calculation (the cost to reconvert products), which is based on highly confidential and proprietary financial and advertising information.  (*Id*.).  Plaintiff asks this Court to set a conference to address Defendants alleged violation of

42

1   the Protective Order, and seeks an order directing Defendants and their

2   counsel to provide declarations identifying all persons to whom they

3   have shown confidential materials.  (ECF No. 219).

4       Defendants object that Plaintiff should not have filed this motion

5   on an ex parte basis.  (ECF No. 227).  Defendants argue they are

6   entitled to due process, including a fully-noticed motion and a hearing,

7   before sanctions for violating the Protective Order may be imposed.

8   (*Id.*).  Defendants also claim that they redacted parts of the Kennedy

9   report sent to Gyro and therefore no violation of the Protective Order

10  occurred.  (*Id.*).  Defendants further contend that all of the information

11  was already known to Gyro as a result of preparing the estimate for

12  Plaintiff.  (*Id.* at 8).  Finally, Defendants contend that Plaintiff is

13  required to show that it suffered harm as a result of the disclosure, but

14  has failed to do so.  (*Id.*).

15      In its reply, Plaintiff clarifies that it is not asking for sanctions on

16  an ex parte basis, but is instead asking to set a conference with the

17  Court to discuss the issue and to implement measures to prevent

18  further disclosures.  (ECF No. 230 at 3:12-21).  Plaintiff also

19

12cv2884-BAS (MDD)

emphasizes that the disclosed information about the cost to reconvert estimate was not known to Gyro.  (*Id*. at 2:14-21).

As Plaintiff clarified, it is not seeking to punish Defendants on an ex parte basis for disclosing the Kennedy Report to Gyro.  Accordingly, the Court does not address the issue of, or impose, sanctions against Defendants for disclosing the unredacted portions of the Kennedy Report.  In addition, the Court declines to host a conference to discuss this dispute with the parties, as the parties have made no showing that they made any attempt to resolve the matter through a good faith meet and confer effort, as required by Civil Chambers Rule V.A.  Accordingly, Plaintiff's motion is **DENIED IN PART** to the extent Plaintiff seeks to specially set a conference.

The remaining issues to be determined are Plaintiff's requests for (1) declarations identifying all persons to whom Defendants have disclosed confidential material, and (2) an order directing Defendants and their counsel to comply with the protective order going forward. (ECF No. 219 at 7).  Though Plaintiff did not characterize its requests as such, the Court construes them as a motion for the Court to modify

44

1  the stipulated Protective Order for good cause, as permitted under ¶ 31.

2  (ECF No. 58 at 11:27-12:1).

3       Plaintiff has shown good cause for modifying the Protective Order

4  in a manner that will reveal any past violations and avoid future

5  violations.  Defendants are required to obey the stipulated Protective

6  Order, unless and until the Order is reversed, vacated, or modified.  *See*

7  *Maness v. Meyers*, 419 U.S. 449, 459 (1975); *Evon v. Law Offices of*

8  *Sidney Mickell*, 688 F.3d 1015, 1034-1035 (9th Cir. 2012); *United States*

9  *v. National Med. Enterprises, Inc.*, 792 F2d 906, 910 (9th Cir. 1986).

10  Plaintiff demonstrated that Defendants may have violated the

11  Protective Order in disclosing portions of the Kennedy Report to Gyro.

12       The Court disagrees with Defendants that Plaintiff's motion was

13  confusing or internally inconsistent in explaining how the email to Gyro

14  likely violated the Protective Order.  The Plaintiff designated the *entire*

15  report, as confirmed by the "HIGHLY-CONFIDENTIAL ATTORNEYS'

16  EYES ONLY" footers on the exhibits submitted by both parties.  (ECF

17  No. 218 at 19, 20).[9]  Thus, it was incumbent upon Defendants to object

18  _____

19  [9] Although the footer on page 20 is partially obscured by the redactions,
   the remaining letters make evident that it was identically marked.

12cv2884-BAS (MDD)

1  to the designation of the materials following the procedure set forth in ¶

2  16 of the Protective Order, and to treat the entire Kennedy Report as

3  Confidential—Attorneys-Eyes-Only "until the Court has ruled on the

4  objection or the matter has been otherwise resolved." (ECF No. 58 at 7-

5  8). It appears Defendants ignored the requirements of ¶ 16, and

6  disclosed the portions it deemed unprotected by the Protective Order.

7  The Protective Order does not give Defendants the discretion to disclose

8  the portions of designated materials that it unilaterally deems as non-

9  confidential.[10]

10       Plaintiff explains that it only learned of the disclosure to Gyro

11  because of its business relationship with the third party recipient.

12  Plaintiff expresses valid concerns that other designated material may

13  have been or will be disclosed to other unauthorized recipients.

14  ————————————

15  [10] Defendants failed to support with "pre-production documentation"
their contention that the disclosed information was already known to

16  Gyro, as required by ¶ 27(d) of the Protective Order. (ECF No. 58 at
11). The benefit of the doubt is due to Defendants on this issue,

17  however, given the ex parte basis of this motion and the apparent
absence of any pre-filing meet and confer discussions. Because the

18  issue of whether Gyro had prior knowledge of all of the disclosed
information is unresolved, the Court's determination that good cause

19  exists for modifying the Protective Order has no preclusive effect on
whether or not Defendant's disclosure to Gyro constitutes a violation of
the Protective Order.

12cv2884-BAS (MDD)

Good cause appearing, the Court hereby **GRANTS IN PART** Plaintiff's motion, and **MODIFIES** the Protective Order by adding the following paragraphs:

      33.    All parties and their attorneys must exchange declarations signed under penalty of perjury identifying all persons to whom they have shown any materials designated as "Confidential" or "Highly-Confidential—Attorneys' Eyes Only" or 'Confidential—Outside Counsel Only." This applies to Plaintiff and its attorneys as well as Defendants and their attorneys. To ensure full disclosure, the lists shall include all persons to whom such information has been disclosed, whether or not the disclosing party believes the person was authorized to receive the information under the terms of the Protective Order. Parties have a continuing duty to supplement their identification of recipients.

      34.    The parties shall also provide each other copies of each executed "Agreement to be Bound by Protective Order." (*See* ECF No. 58 at 13).

1  **D. Defendant's Motion to Strike Plaintiff's Supplemental**

2  **Disclosures [ECF Nos. 222, 224]**

3  I.    Procedural History

4  On November 11, 2014, Defendant filed an Ex Parte Motion to

5  Shorten Time to Bring a Noticed Motion to Strike/Exclude Plaintiff's

6  Belated Supplemental Disclosures.  (ECF No. 224).  Concurrently,

7  Defendant filed a Motion to File Documents Under Seal in support of

8  the Ex Parte Motion to Shorten Time.  (ECF No. 222).  Along with the

9  Motion to Seal, Defendant electronically lodged under seal the

10  documents it proposes to file under seal.  (ECF No. 223).  The

11  documents Defendant seeks to lodge under seal consist of Defendant's

12  Motion to Strike/Exclude Plaintiff's Belated Supplemental Disclosures

13  and the documents in support thereof.  (*Id.*).

14  Defendant brought its motion to shorten time, because there was

15  insufficient time to bring a regularly noticed motion before the

16  November 21, 2014 discovery cutoff date.  (ECF No.  224-1 at 4).

17  Defendant's motion to strike Plaintiff's supplemental disclosures

18  complains that Plaintiff recently supplemented its initial disclosures by

19  identifying 6 new witnesses.  (ECF No. 223-1 at 7:1-5).  Defendant

48

1   contends that Plaintiff should have disclosed these witnesses earlier in

2   discovery and is sandbagging Defendant at the end of discovery so that

3   Defendant cannot conduct discovery relating to these witnesses.  (*Id*.).

4       On November 13, 2014, Plaintiff filed an opposition to the Ex

5   Parte Motion to Shorten Time on Defendant's motion to strike

6   Plaintiff's disclosures.  (ECF No. 231).  Plaintiff urges the Court to deny

7   Defendant's motion to shorten time on the grounds that Plaintiff "will

8   not have sufficient time to prepare a meaningful opposition to the

9   motion."  (ECF No. 231 at 2:7-8).  Plaintiff contends that Defendant's

10   motion is meritless, in that Plaintiff was simply complying with its Rule

11   26 obligations to supplement disclosures.  (*Id*. at 2:9-17).  Plaintiff

12   further asserts that Defendant's motion to strike Plaintiff's disclosures

13   is moot, because Defendant has noticed the depositions of all 6 newly-

14   disclosed witnesses for November 21, 2014 and Plaintiff has agreed to

15   produce all 6 witnesses as demanded.  (*Id*. at 2:21-3:11).  In order to

16   effect the most "just, speedy, and inexpensive" determination of this

17   discovery dispute, the Court hereby construes Plaintiff's opposition to

18

19

12cv2884-BAS (MDD)

1   Defendant's Motion to Shorten Time as a combined brief also opposing

2   the Motion to Strike/Exclude Disclosures.[11]

3       II.   Analysis

4           a. Motion to Seal [ECF No. 222]

5       Defendant seeks to seal "Exhibit A" to its Ex Parte Motion to

6   Shorten Time.  (ECF No. 222).  That Exhibit contains Defendant's

7   proposed Motion to Strike/Exclude Plaintiff's Belated Supplemental

8   Disclosures, Defendant's supporting declaration, and the exhibits in

9   support thereof (which primarily consist of Plaintiff's disclosures and

10  discovery responses that identify potential witnesses, but also include

11  this Court's 10/9/2014 Order), and the proposed order granting

12  Defendant's proposed motion.  (ECF No. 223-1).  Defendant requests

13  permission to file these documents under seal, because Plaintiff has

14  designated information in some of them as Attorneys' Eyes Only under

15  the Protective Order.  (ECF No. 222).

16  _____

17  [11] Although Plaintiff objects to the Motion to Shorten Time on the basis
    that Plaintiff needs more time to file an adequate brief on the Motion to
18  Strike, Plaintiff suffers no prejudice, given the Court's decision to deny
    the Motion to Strike.  Construing the Plaintiff's brief as a response to
19  the Motion to Strike is not prejudicial to Defendant, who has asked for
    this matter to be resolved on an expedited basis.

1    After reviewing Exhibit A, the Court concludes that most of the

2  documents sought to be sealed do not contain information subject to the

3  Protective Order.  Only the Plaintiff's disclosures in Exhibit E are

4  marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

5  (ECF No. 223-1 at 50-66).  Although the Plaintiff's other disclosures are

6  not marked as confidential, they may have been so designated by other

7  means, and Defendant does not dispute their designation in its motion.

8  The proposed Notice of Motion and Memorandum in support thereof, on

9  the other hand, do not reveal information about the witnesses that is

10  designated as confidential.  The proof of service is not marked

11  confidential.  (ECF No. 223-1 at 67-68).  One of the exhibits to the

12  proposed motion is already a matter of public record—this Court's

13  10/9/14 Order.  The proposed order on the Motion to Strike also does not

14  include any information that could be subject to the Protective Order.

15    Accordingly, the Court hereby **ORDERS** that <u>Exhibits A, C, D, E</u>

16  <u>to the Motion to Strike (ECF No. 223-1 at 18-22, 27-41, 43-48, 50-68) be</u>

17  <u>sealed</u>, but **ORDERS** that the <u>Notice of Motion and Motion, Declaration</u>

18  <u>of Vikram Subramanian in support thereof, Exhibit B, and the proposed</u>

19  <u>order (ECF No. 223-1 at 1-17, 23-26, 42, 49, 69-70) are not to be sealed</u>.

12cv2884-BAS (MDD)

1   To effectuate this order, Defendant is **ORDERED** to file (not under

2   seal) a new, redacted version of Exhibit A to the Ex Parte Motion, with

3   Exhibits A, B, C, D, and E of the Motion to Strike (18-22, 27-41, 43-48,

4   50-68) redacted.  The Notice of Motion and Motion are hereby deemed

5   filed as of November 11, 2014 (the date they were lodged under seal).

6   Defendant's Motion to File Documents Under Seal is **GRANTED IN**

7   **PART** and **DENIED IN PART** without prejudice to the Court to

8   modify this Order to seal.

9                    b.  Motion to Shorten Time [ECF No. 224]

10          The Court hereby **GRANTS** Defendant's Motion to Shorten Time

11  on its Motion to Exclude Plaintiff's Supplemental Disclosures.

12  Although Plaintiff objects to the Motion to Shorten Time on the basis

13  that Plaintiff needs more time to file an adequate brief on the Motion to

14  Strike, Plaintiff suffers no prejudice, given the Court's decision to deny

15  the Motion to Strike (below).  As set forth above, by this Order the

16  Court is deeming Defendant's Motion to Exclude Plaintiff's Disclosures

17  filed, and is construing Plaintiff's opposition to the motion to shorten

18  time as its opposition to the motion to exclude disclosures.

19

12cv2884-BAS (MDD)

### c. Motion to Strike/Exclude Plaintiff's Disclosures

Rule 26(e)(1)(A) requires parties to supplement or correct disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A).  Neither the Federal Rules of Civil Procedure nor the case management order in this action sets a deadline by which all supplemental disclosures must be made.  Defendant has made no showing that Plaintiff delayed disclosing the 6 newly disclosed witnesses for any significant amount of time.  Plaintiff was simply complying with its Rule 26 obligations to supplement disclosures.  Moreover, the Court agrees with Plaintiff that this motion is moot, because Defendant noticed the depositions of all 6 newly-disclosed witnesses for November 21, 2014 and Plaintiff agreed to produce all 6 witnesses as demanded.  (*Id.* at 2:21-3:11).

Finally, the cases Defendant relies on are inapposite.  In each of them, the supplemental witness disclosures were made *after* the close of discovery.  *Bookhamer v. Sunbeam Products, Inc.*, 2012 WL 4513872 at *2 (N.D. Cal. 2012) ("Plaintiffs never identified either witness as having pertinent responsive information until after the close of discovery.");

12cv2884-BAS (MDD)

1  *H.K. Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1059 (9th Cir.

2  2005) (additional experts disclosed after expert disclosure deadline and

3  discovery cutoff); *Ollier v. Sweetwater Union High School Dist.*, 267

4  F.R.D. 339, 343 (S.D. Cal. 2010) (disclosure occurred in amended

5  pretrial disclosures for final pretrial conference—not in discovery).

6  Here, as Defendant acknowledges, Plaintiff disclosed the additional

7  witnesses *before* the close of discovery.

8      Accordingly, Defendant's Motion to Strike or Exclude Plaintiff's

9  Supplemental Disclosures is **DENIED** without prejudice to Defendant

10  bringing a motion to amend the scheduling order to permit limited

11  additional discovery, if necessary.

12                              **Conclusion**

13      To summarize, the Court issues the following orders on the

14  pending matters:

15      Defendant's motions for sanctions against Plaintiff and CE are

16  **GRANTED**, and the undersigned Magistrate Judge certifies findings

17  for the District Judge to consider whether contempt proceedings are

18  appropriate.  (ECF Nos. 203, 204).

19

1   The Joint Motion for Determination of Discovery Dispute in which

2 Defendants seek to compel Plaintiff to produce additional documents is

3 **GRANTED IN PART** and **DENIED IN PART**, as specified in more

4 detail above.  (ECF No. 209).

5   Plaintiff's Ex Parte Motion to Specially Set a Conference

6 regarding Defendants' alleged violations of the Protective Order is

7 **DENIED IN PART** to the extent it seeks to set a conference.  The

8 Court also construes the motion as a request to amend the Protective

9 Order to require the parties to identify persons to whom designated

10 materials have been disclosed.  The motion to amend the Protective

11 Order is **GRANTED** as specified in more detail above.  Plaintiff's and

12 Defendants' corollary motions to seal are **GRANTED**.  (ECF Nos. 217,

13 219, 225).

14   Defendants' Ex Parte Motion to Shorten Time to Bring a Motion to

15 Strike or Exclude Plaintiff's Supplemental Disclosures is **GRANTED**

16 **IN PART**.  The corollary Motion to Seal is **GRANTED IN PART** and

17 **DENIED IN PART**, as specified in more detail above.  The Motion to

18 Strike or Exclude Plaintiff's Supplemental Disclosures is deemed filed

19 as of November 11, 2014, and Plaintiff's opposition to the Motion to

12cv2884-BAS (MDD)

1  Shorten Time is also construed as its opposition to the Motion to Strike

2  Supplemental Disclosures.  Defendants' Motion to Strike Plaintiff's

3  Supplemental Disclosures is **DENIED**.  (ECF Nos. 222, 224).

4

5      **IT IS SO ORDERED.**

6  Dated:   December 15, 2014

7  Hon. Mitchell D. Dembin
   United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

12cv2884-BAS (MDD)