UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HM ELECTRONICS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>R.F. TECHNOLOGIES, INC., an Illinois corporation,<br><br>Defendant. | Case No. 12-cv-2884 BAS (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE THE EXPERT REPORT OF DR. AIMEE DROLET ROSSI**<br><br>**[ECF 233]** |

Presently before the Court is Plaintiff HM Electronics, Inc.'s motion to exclude the expert testimony of Dr. Aimee Drolet Rossi. ECF 233. The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion. ECF 233.

I. BACKGROUND

The initial expert disclosure deadline was May 30, 2014. Order 2, ECF 138. Plaintiff submitted the report of Dr. Susan Schwartz McDonald on that date.

McDonald Decl., ECF 223-5. In her report, Dr. McDonald opined that Defendant's conduct harmed Plaintiff by causing customer confusion. *Id.* at 7–14. She also stated that corrective advertising is necessary to remedy the harm. *Id.* at 14. Defendant apparently did not submit an initial expert report.

The rebuttal expert disclosure deadline was June 16, 2014. Order 2, ECF 138. Defendant submitted the expert report of Dr. Aimee Rossi in rebuttal to Dr. McDonald's report. Rossi Decl., ECF 246-2. Dr. Rossi's report was based on a review of Dr. McDonald's report, Plaintiff's motion for a preliminary injunction (ECF 35), Defendant's opposition (ECF 40), Plaintiff's reply (ECF 43), and all the attached exhibits and declarations. *Id.* at 30. During her deposition, Dr. Rossi testified she did not write her report in rebuttal to Dr. McDonald's report. Rossi Dep. 42–43, ECF 233-4.

Plaintiff argues Dr. Rossi's report should be excluded because it contains legal conclusions based on incorrect legal standards, it is based on a selective reading of the record, and it is not a rebuttal report, thus making it an untimely expert disclosure. Pl.'s Mot. 9, 14, 20. Defendant counters by defending Dr. Rossi's credentials and arguing the Court should allow the jury to decide whether to believe Dr. Rossi. Def.'s Opp'n 4, 11.

**II. LEGAL STANDARD**

Expert rebuttal reports must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in their expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii). The phrase "same subject matter" should be read narrowly because a broad reading that "encompass[es] *any* possible topic that *relates* to the subject matter at issue[] will blur the distinction between 'affirmative expert' and 'rebuttal expert.'" *Vu v. McNeil-PPC, Inc.*, No. CV 09–1656, 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010). "Accordingly, a careful analysis of each of the Plaintiff's expert[']s proposed testimony and the corresponding [Defendant's] expert[']s rebuttal testimony is required to determine if

the rebuttal testimony is proper." *Hellman-Blumberg v. Univ. of Pac.*, No. 12–cv–00286, 2013 WL 3422699, at *2 (E.D. Cal. July 8, 2013).

## III. DISCUSSION

Dr. Rossi's report was submitted as a rebuttal to Dr. McDonald's report. While Dr. Rossi does briefly address Dr. McDonald's opinions, the bulk of Dr. Rossi's report is nonresponsive to Dr. McDonald's report. Dr. Rossi instead directs her report at arguments made by Plaintiff in its motion for a preliminary injunction. For instance, Dr. Rossi opines that Defendant's use of Plaintiff's Federal Communications Commission ("FCC") ID numbers on the rebranded products is unlikely to cause customer confusion. Rossi Decl. 10. Dr. McDonald never opined on the FCC ID numbers. Plaintiff did, however, argue in its motion that Defendant's use of the same FCC numbers caused customer confusion. *See* ECF 35, 14–15.

Dr. Rossi's deposition testimony explains why her report is not limited to addressing Dr. McDonald's report. When asked whether Defendant instructed her to draft a rebuttal report, Dr. Rossi stated "[Defendant] just said to write a report, so no, I was not under the impression that I was writing a rebuttal report. . . . I'm not rebutting." Rossi Dep. 42. Shortly thereafter she stated "[y]eah, I was not asked to specifically rebut anyone. I received a set of materials . . . [a]nd . . . that's what I looked at." *Id.* at 43. Dr. Rossi goes on to say she was not specifically rebutting Dr. McDonald at least six more times, all in response to the same question: "What opinion of Dr. McDonald's does this [statement in Dr. Rossi's report] rebut?" *Id.* at 323–27.

Dr. Rossi does offer rebuttal testimony to Dr. McDonald's report on pages 6–8. These portions are admissible rebuttal testimony. The balance of Dr. Rossi's report was not intended to contradict or rebut Dr. McDonald's report. It therefore constitutes impermissible expert rebuttal testimony.

## IV. CONCLUSION

Accordingly, Plaintiff's motion is **GRANTED IN PART**, and the Court **ORDERS** all portions of Dr. Aimee Drolet Rossi's report that do not contradict or rebut the opinions of Dr. Susan Schwartz McDonald to be **STRICKEN** from the record. ECF 233. To the extent Dr. Rossi's report contradicts or rebuts the opinions of Dr. McDonald, Plaintiff's motion is **DENIED**. ECF 233.

**IT IS SO ORDERED.**

DATED: April 17, 2015

Hon. Cynthia Bashant
United States District Judge