| | |
|---|---|
| 1 | CALLIE A. BJURSTROM (STATE BAR NO. 137816) |
| | BRIAN D. MARTIN (STATE BAR NO. 199255) |
| 2 | MICHELLE A. HERRERA (STATE BAR NO. 209842) |
| | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| 3 | 501 West Broadway, Suite 1100 |
| | San Diego, CA 92101-3575 |
| 4 | Telephone: (619) 234-5000 |
| | Facsimile: (619) 236-1995 |
| 5 | Email:  callie.bjurstrom@pillsburylaw.com |
| | brian.martin@pillsburylaw.com |
| 6 | michelle.herrera@pillsburylaw.com |
| 7 | Attorneys for Plaintiff HM Electronics, Inc. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HM ELECTRONICS, INC., a California corporation, | No. 12-CV-2884-BAS (MDD) |
| Plaintiff, | PLAINTIFF HM ELECTRONICS, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO HM ELECTRONICS, INC.'S ALLEGED MOTIVE FOR FILING LAWSUIT |
| vs. | |
| R.F. TECHNOLOGIES, INC., an Illinois corporation; and Babak Noorian, an individual. | |
| Defendants. | [MIL No. 7 of 16] |
| | Date: August 10, 2015 |
| | Time: 10:30 a.m. |
| | Judge: Hon. Cynthia Bashant |
| | Crtrm: 4B |

TO DEFENDANTS R.F. TECHNOLOGIES, INC., AND BABAK NOORIAN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff HM Electronics, Inc. ("HME" or "Plaintiff") hereby moves this Court *in limine* for an Order precluding Defendants

1 R.F. Technologies, Inc. ("RFT") or Babak Noorian from referencing or introducing
2 evidence or argument regarding HME's alleged motive for filing this lawsuit.  This
3 Motion is based on the Memorandum of Points and Authorities below, the papers
4 and records filed herein, oral argument and any other further evidence as may be
5 presented during the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants have indicated that they intend to present evidence and argument to the jury that an improper motive lies behind HME's Complaint. (*See* Pretrial Order, Dkt. No. 313, 2:24-25; Defs.' Mem. Contentions of Fact & Law, Dkt. No. 278, 1:25-27; Def. RFT's Opp. to Pl.'s Mot. for Contempt, Dkt. No. 82, 1:3-5:2; *see also* Def. RFT's Opp. to Pl.'s Mot. for Preliminary Injunction, Dkt. No. 40, 17:18-18:2.)  Not only is this argument baseless, it is calculated to distract from Defendants' deliberate infringement of HME's trademarks and other bad acts and improperly focus the jury's attention on a contrived anti-competitive basis for this lawsuit.

Evidence of HME's alleged motivation for this lawsuit, and argument concerning the same, is wholly irrelevant to the issues before the jury and unfairly prejudicial to HME.  Allowing Defendants to present such evidence and arguments at trial would only serve to mislead and confuse the jury into believing that equitable considerations are relevant to its deliberations on HME's legal claims.  Moreover, Defendants' introduction of such evidence and argument will waste a considerable amount of trial time on matters that ultimately will not direct the outcome of any dispositive issue in the case.  HME therefore requests an order precluding Defendants from referencing or presenting evidence or argument regarding HME's alleged motive for filing this lawsuit.

## II. STATEMENT OF FACTS

Defendants have repeatedly expressed their intent to paint HME as the dominant player in the Quick Service Restaurant ("QSR") industry bent on eliminating an emergent competitor. From the outset, Defendants have suggested that HME harbors an anti-competitive motive and that is driving this lawsuit. (*See* Def. RFT's Opp. to Pl.'s Mot. for Preliminary Injunction, Dkt. No. 40, 17:19-20.) ("Plaintiff's requested relief would harm competition and adversely affect Defendant and its customers . . .") Nothing could be further from the truth. As this Court found in ruling on Plaintiff's Motion for Preliminary Injunction, "[w]ithout an injunction . . . Defendant's conduct will likely continue to confuse consumers, and Plaintiff will continue to suffer irreparable harm." (Preliminary Injunction Order, Dkt. No. 51, 17:19-21).

Following the Court's Preliminary Injunction Order, Defendants continued to make unfounded claims regarding HME's motivation for pursuing this case:

> Though the Complaint might state "trademark infringement" that is not what this case is about. The current litigation pending before this court is a bold, frontal assault against Plaintiff's number one competitor nationwide in the field of repair and refurbishment of wireless headsets and belt packs used by almost every Quick Service Restaurant ("QSR") operating today. HM Electronics is using this litigation – and this court – to discover all aspects of R.F. Technologies' business plan, operations, sales, customers and suppliers to unfairly compete against the defendant in the marketplace.

(Def. RFT's Opp. to Pl.'s Mot. for Contempt, Dkt. No. 82, 1:3-10.) Defendants also accused HME's Vice Present of Marketing and New Business Development, Daren Haas, of attempting to "litigate RFT out of the market for the repair of HME headsets" to create a monopoly for Commercial Electronics, Inc. (HME's subsidiary and a competitor of RFT). (*Id.* at 1:13-16.) Defendants' unfounded inflammatory rhetoric has no place in this case.

HME anticipates that Defendants will spend a significant amount of time at trial discussing HME's alleged, unsubstantiated motives in an effort to divert the jury's attention away from Defendants' misconduct.  Notably, in Defendants' Memorandum of Contentions of Law and Fact they reiterated their argument that "Plaintiff is really using this action for an anti-competitive purpose: to try and further dominate the field . . ." (Dkt. No. 278, 1:25-27.)  Finally, in the Pretrial Order, Defendants "contend that HME's lawsuit is being used for an anti-competitive purpose." (Dkt. No. 313, 2:24-25.)  Defendants have asserted no counterclaim against HME for antitrust or for unfair business practices and could not for that matter as there is no basis for such claims.  "Evidence" and argument regarding anti-competitive or improper motives are irrelevant to any claim or defense at issue in this case.  To permit Defendants to introduce such evidence or argument at trial serves only to inflame the jury and prejudice HME.  This Court should prevent Defendants from engaging in such antics.

### III.  ARGUMENT

#### A.  Legal Standards Governing Motions in Limine

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984).  "The purpose of the motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Paredes*, 176 F. Supp. 2d 192, 193 (S.D.N.Y. 2001).

"Relevant evidence is admissible" except as limited by the Constitution, statutes, or other rules of evidence.  Fed. R. Evid. 402.  "Irrelevant evidence is not admissible." *Id.*  "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  Although relevant, "[t]he court may exclude relevant evidence if its probative value is substantially

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B. Evidence of or Reference to Plaintiff's Alleged Motive for Filing This Lawsuit Is Irrelevant to Adjudicating HME's Claims

HME's motive for filing suit is irrelevant to the merits of its claims. Courts routinely hold that the plaintiff's motivation for seeking judicial relief is simply not relevant to any issue that the jury must decide and exclude such evidence accordingly. *See Ill. Tool Works, Inc. v. MOC Prods. Co.*, 946 F. Supp. 2d 1042, 1047-48 (S.D. Cal. 2012) (granting motion in limine precluding defendant from offering evidence regarding plaintiff's alleged motives for filing a patent infringement lawsuit); *Caldwell v. Wal-Mart Stores, Inc.*, No. 99-2272, 2000 U.S. App. LEXIS 23356, at *13-14 (10th Cir. Sept. 15, 2000), *aff'd*, 229 F.3d 1162 (10th Cir. 2000) (excluding evidence of plaintiff's financial difficulties as motive for filing lawsuit); *Custer v. Schumacher Racing Corp.*, No. 1:06-cv-1208-WTL-JDT, 2007 U.S. Dist. LEXIS 86877, at *10-11 (D. Ind. Nov. 21, 2007) (excluding evidence that plaintiff lacked insurance to show motive to sue because "[a]ll tort plaintiffs file suit with the motive to obtain money; whether the Plaintiff was insured or not, the jury will be well aware of his motivation for suing the Defendant"); *Imtiazuddin v. N. Ave. Auto, Inc.*, No. 04 C 286, 2004 U.S. Dist. LEXIS 21608, at *6 (D. Ill. Oct. 25, 2004) (prohibiting plaintiff from referring to his "status as a private attorney general" as motive for filing suit); *see also Dickerman v. N. Trust Co.*, 176 U.S. 181, 190 (1900) ("If the law concerned itself with the motives of parties new complications would be introduced into suits which might seriously obscure their real merits"); *Higgins v. Shenango Pottery Co.*, 99 F. Supp. 522, 525 (W.D. Pa. 1951) ("The trial of the motives of parties in a civil action has no proper place in a judicial forum").

602566188v2    Case No. 12-CV-2884 BAS (MDD)

Here, Defendants are attempting to shift the focus away from their own misconduct that forms the basis of HME's lawsuit and toward an alleged anti-competitive motive for HME's claims. But HME's motives have absolutely no bearing on the merits of its claims for trademark infringement, unfair competition and trade dress infringement under the Lanham Act, or its claims for trade libel and intentional interference with prospective economic advantage under California law. These causes of action scrutinize the *Defendants'* interference with HME's customer relationships, *Defendants'* false representations, *Defendants'* use of HME's marks to confuse customers and *Defendants'* rebranding of HME products with RFT's mark.[1] By contrast, an argument that HME has some motive other than to protect its intellectual property and to vindicate these rights "in a civil action has no proper place in a judicial forum." *See Higgins*, 99 F. Supp. at 525. Evidence and argument directed to HME's motive for pursuing this case is irrelevant to the jury's determination of the legal issues before it and should be excluded under Federal Rules of Evidence 401 and 402.

**C.    Evidence or Argument Concerning Plaintiff's Alleged Motive for Filing This Lawsuit Is Unduly Prejudicial to Plaintiff**

Defendants' only reason for referencing HME's alleged motive is to unfairly prejudice the jury against HME. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

---

[1] *See, e.g., Brookfield Comms. Inc. v. W. Coast Entm't. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) (stating elements for trademark infringement); *Truck Equip. Serv. Co. v. Fruehauf Corp.*, 536 F.2d 1210, 1216 (8th Cir. 1976) (federal unfair competition); *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (federal false advertising); *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001) (trade dress infringement); *Hartford Casualty Ins. Co. v. Swift Distribution, Inc.*, 59 Cal. 4th 277, 290 (2014) (state law trade libel); *Youst v. Longo*, 43 Cal. 3d 64, 71 n.6 (1987) (intentional interference); *Chapman v. Skype Inc.*, 162 Cal. Rptr. 3d 864, 871 (Cal. Ct. App. 2013) (state law false advertising); Cal. Bus. & Prof. Code § 17200 (state law unfair competition).

wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence of the plaintiff's motive for filing suit has no probative value and raises "purely equitable considerations" that have no bearing on the issues the jury must decide. *See Ill. Tool Works*, 946 F. Supp. 2d at 1045-46, 1047-48. Allowing the jury to hear evidence of motive unacceptably risks "tempt[ing] them to decide . . . infringement claims on the basis of equitable factors." *See id.*

As discussed above, HME anticipates Defendants will devote substantial trial time on alleged evidence, references and argument concerning HME's and its officers' supposed motives for filing this lawsuit. Not only are such insinuations completely unsupported, but as stated, motive is entirely irrelevant to the issues the jury must decide. The ***only purpose*** for injecting an alleged anti-competitive motive for pursuing this lawsuit is to inflame the jury by unfairly depicting HME as a "bully." This Court cannot permit such inflammatory rhetoric in the jury's presence as it serves no legitimate legal purpose and would be unfairly prejudicial to HME.

To the extent HME's motive for filing this lawsuit has any attenuated relevance to Defendants' equitable affirmative defenses, only the Court – and not the jury – may assess its probative effect. *See id.* at 1047-48; *see also Granite States Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature.") The Court should not allow Defendants to "contaminate [the jury's] factual findings on legal issues, which must be made strictly on the basis of the evidence and the law, without reference to considerations of fairness or equity." *See Ill. Tool Works*, 946 F. Supp. 2d at 1046. Thus, evidence of or reference to HME's alleged motive for filing this lawsuit should be excluded from the jury's presence at trial under Rule 403 as unduly prejudicial.

## IV. **CONCLUSION**

For the foregoing reasons, HME seeks an order excluding evidence of, reference to, and argument concerning HME's alleged motive for filing this lawsuit.

Dated: July 6, 2015

                              PILLSBURY WINTHROP SHAW PITTMAN LLP


                              By */s/Michelle A. Herrera*
                                  Michelle A. Herrera
                                  Attorneys for Plaintiff
                                  HM Electronics, Inc.

```
PILLSBURY WINTHROP SHAW PITTMAN LLP
CALLIE A. BJURSTROM, STATE BAR NO. 137816
BRIAN D. MARTIN, STATE BAR NO. 199255)
MICHELLE A. HERRERA, STATE BAR NO. 209842
501 W. Broadway, Suite 1100
San Diego, CA  92101-3575
Telephone: (619) 234-5000
Facsimile No.: (619) 236-1995
Email:   callie.bjurstrom@pillsburylaw.com
         brian.martin@pillsburylaw.com
         michelle.herrera@pillsburylaw.com
```

Attorneys for Plaintiff
HM ELECTRONICS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HM ELECTRONICS, INC., a California corporation,<br><br>                Plaintiff,<br><br>       vs.<br><br>R.F. TECHNOLOGIES, INC., an Illinois corporation; and BABAK NOORIAN, an individual<br><br>                Defendant. | Case No. 12-CV-2884-BAS (MDD)<br><br>**PROOF OF SERVICE** |

I declare as follows:

I am an attorney with the law firm of Pillsbury Winthrop Shaw Pittman LLP, whose address is 501 W. Broadway, Suite 1100, San Diego, CA 92101-3575.  I am a member of the bar of this court, over the age of eighteen years and not a party to this action.

On July 6, 2015, I caused the following to be served:

1. **PLAINTIFF HM ELECTRONICS, INC.'S NOTICE OF MOTION AND MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO HM ELECTRONICS, INC.'S ALLEGED MOTIVE FOR FILING LAWSUIT**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

| |
|---|
| Callie A. Bjurstrom, callie.bjurstrom@pillsburylaw.com |
| Brian D. Martin, brian.martin@pillsburylaw.com |
| Mark C. Goldenberg, mark@ghalaw.com |
| Thomas M. O'Leary, Thomas.oleary@leclairryan.com |
| Michelle A. Herrera, michelle.herrera@pillsburylaw.com |
| Brian C. Vanderhoof, brian.vanderhoof@leclairryan.com |
| Stephen G. Larson, stephen.larson@arentfox.com |
| Allan E. Anderson, allan.anderson@arentfox.com |
| David Bayles, david.bayles@arentfox.com |

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

No manual notice.

I declare that I am employed in the office at whose direction the service was made.

Dated: July 6, 2015         PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/Michelle A. Herrera*
      Michelle A. Herrera